■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES B. WILEY, Respondent-Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Appellant-Respondent.— Order unanimously reversed and writ dismissed. Memorandum: The case of *People ex rel. Rainone* v. *Murphy* (1 N Y 2d 367) has no application to the facts here present. The New York Parole Board did not interrupt the service of the relator's sentence. The interruption of service, if any, was caused by the affirmative act of the relator in refusing to waive extradition from California to New York at the time that New York was seeking custody of him under a warrant pursuant to section 283 of the Correction Law so that he could serve the balance of his sentence here. Had he been returned he would have received credit on his California sentence for the time served in New York State. However, upon his refusal to waive extradition the California Adult Authority [Parole Board], which had placed relator on parole and was willing to release him to New York, rescinded his parole and directed that he be retained to complete his partly served 10-year term. (Appeal by Warden from Order of Wyoming County Court remanding relator to custody of Commissioner of Correction at Attica until March 19, 1966, when he should be discharged. Cross appeal by relator from so much of said order as denies his immediate release.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.

■ INTERBOROUGH NEWS COMPANY, Appellant, v. HERBERT MEYER, Respondent. (Action No. 1.) HERBERT MEYER, Respondent, v. INTERBOROUGH NEWS COMPANY, Appellant. (Action No. 2.) — Order unanimously affirmed, with costs. Memorandum: Special Term properly granted defendant Meyer's motion to dismiss the complaint. In his memorandum decision, the Special Term Justice gave as one of his reasons that there was no capacity on the part of the corporation to bring the action. He reached this conclusion because he was " of the opinion that there should have been such a meeting duly assembled and that the authority to sue and terminate the defendant's employment should have been determined at a duly constituted meeting for that purpose". We concur with that statement of Special Term and it is on this ground that the complaint was properly dismissed, rather than on the issue of capacity to sue. This determination being proper, Special Term correctly held that it rendered the other motions academic. (Appeal from order of Erie Special Term granting defendant's motion to dismiss complaint in Action No. 1, denying motion as to Action No. 2 for removal to Erie County and for joint trial and granted Meyer right to open and close in Action No. 2.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.