■ In the Matter of SEBASTIAN BIONDO, Appellant, v PAUL J. REGAN, as Chairman of the New York State Board of Parole, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to discharge petitioner from parole, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated January 25, 1979, which dismissed the proceeding on the merits, save for granting certain credit against petitioner's sentence. Judgment modified, on the law, and in the interest of justice, by granting petitioner parole credit for the period from July 25, 1975 to the date of the decision of this court. As so modified, judgment affirmed, without costs or disbursements. The petitioner was incarcerated at the Auburn Correctional Facility after being convicted of criminal usury and conspiracy to commit criminal usury and sentenced to two consecutive terms of four years. On April 16, 1975 petitioner met with the Board of Parole. The board denied his application for release but failed to state any reasons therefor. Petitioner then commenced a CPLR article 78 proceeding to compel the board to disclose its reasons for denying parole. The Supreme Court, Cayuga County, in a judgment dated July 3, 1975, granted judgment to petitioner and stated that the board should provide written reasons for its denial of parole within 14 days. If the board failed to comply, petitioner was to be released to parole status. The board failed to comply and petitioner filed for a writ of habeas corpus. The writ was sustained by the County Court, Cayuga County, and a judgment was entered, *inter alia,* directing that petitioner be placed on parole upon service of the judgment. On July 25, 1975 the superintendent of Auburn referred petitioner to the parole office at Auburn. That office refused to process petitioner for parole. The superintendent released petitioner later that day. On September 29, 1975 the board notified petitioner that he should report for parole processing on October 1, 1975. On October 22, 1975 petitioner commenced a CPLR article 78 proceeding to determine whether the board retained its right to supervise him and whether he was entitled to release from parole supervision. Throughout the article 78 proceeding and his appeals thereof, the petitioner obtained stays of parole supervision. On August 7, 1978 petitioner commenced the instant article 78 proceeding. He has obtained stays until the entry of judgment by the Supreme Court, Nassau County, on January 29, 1979. Special Term granted the petitioner parole credit for the period July 25, 1975 to October 1, 1975, but otherwise dismissed the proceeding on the merits. The petitioner should receive parole credit for the entire period from his release through this protracted litigation. There are several factors which mandate

this result. First, the conduct of the Board of Parole should not be condoned. The board chose not to respond to the initial judgment of the Supreme Court which required it to provide written reasons for the denial of parole. This forced the petitioner to obtain a writ of habeas corpus to procure his release from custody. Then, as Mr. Justice McGinity at Special Term found, the Board of Parole refused to process the petitioner for parole at the time of his release. Surely, this behavior by the board contributed to the petitioner's anxiety to clarify his status. Second, Special Term, by only granting the petitioner parole credit for the period prior to the board's action, effectively interrupted the petitioner's sentence. A sentence may be interrupted only after the violation of the conditions of parole (*People ex rel. Petite v Follette,* 24 NY2d 60; *White v Pearlman,* 42 F2d 788). It cannot be said that petitioner's pursuit of legal redress is a violation of parole or a wrongful act. *People ex rel. Bilotti v Warden, N. Y. City Correctional Inst. for Men* (42 AD2d 115, 116) makes a succinct statement of the principle: "The relator was confined pursuant to a judgment of conviction for a definite, calculable period for which there was an expiration date. Having received consecutive sentences, that date was the expiration date of the aggregate of the two sentences (Penal Law, § 70.30, subd. 2, par. [b]). That date could not be extended except in the instances (such as escape) provided by statute." The instant case is distinguishable from *People ex rel. Wiley v Wilkins* (25 AD2d 942). In *Wiley,* the petitioner had moved outside of the jurisdiction and refused to waive extradition. This affirmative act interrupted the sentence. Here, the petitioner remained within the jurisdiction. Had petitioner engaged in any demonstrable wrongdoing, the stay could have been terminated. Finally, the interest of justice would not be served by denying this petitioner parole credit. He has made an extensive and apparently successful effort to rehabilitate himself. Rabin, J. P., Gulotta, Margett and Martuscello, JJ., concur.