■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD GONZALEZ, Also Known as RICHARD GONZALEZ LOPEZ, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Kelly, J.), entered December 19, 1983, which dismissed his petition. On this court's own motion, the matter is converted to a proceeding pursuant to CPLR article 78 (see CPLR 103, subd [c]). ¶ Judgment modified on the law, by adding a provision granting the petition to the extent of directing respondents to recalculate the maximum expiration date and conditional release date of petitioner's sentence based on the correct delinquency date, which is March 5, 1981, rather than February 20, 1981, and proceeding otherwise dismissed on the merits. As so modified, judgment affirmed, without costs or disbursements. ¶ Respondents' actions indicated reasonable diligence in attempting to locate petitioner (*People ex rel. Flores v Dalsheim,* 66 AD2d 381, 386). His sentence was properly interrupted by the declaration of his delinquency (Penal Law, § 70.40, subd 3, par [a]). The interruption continued until April 20, 1983, when he was returned to an institution under the control of the New York State Department of Correction (see Penal Law, § 70.40, subd 3, par [a]). Following his release from Federal custody on June 28, 1982, petitioner had a continuing obligation to report to the division of parole. Petitioner knew he was declared delinquent and had admitted the charges. The circumstances which led to his enjoying nine months of freedom between his release from Federal custody and

his apprehension cannot be said to have been beyond his control (*People ex rel. Flores v Dalsheim, supra,* pp 388-389; cf. *Matter of Biondo v Regan,* 69 AD2d 880, 881). Special Term correctly refused to credit him with these nine months. However, the correct maximum expiration and conditional release dates were calculated from an incorrect date of delinquency and should be adjusted accordingly by 13 days. Bracken, J. P., Weinstein, Brown and Niehoff, JJ., concur.