■ In the Matter of DONELL WASHINGTON, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [840 NYS2d 458]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered August 25, 2006 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services denying him a merit time allowance.

When petitioner, who was convicted of the violent felony offenses of burglary in the first degree and attempted burglary in the second degree, for the third time violated conditions of his parole, he was ordered held to the maximum expiration date of August 18, 2002. While on parole, defendant was arrested on November 8, 2001 and charged with criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. In May 2002, he entered a plea of guilty to criminal possession of a controlled substance in the second degree in full satisfaction of these charges. On August 21, 2002, he was sentenced, as a second felony offender, to eight years to life in prison. He was remanded to the custody of the Department of Correctional Services (hereinafter DOCS) on September 18, 2002 with a jail time credit of

308 days. Initially, DOCS determined that petitioner had a parole eligibility date of November 9, 2009 and a merit time eligibility date of July 7, 2008. Subsequently, however, it revised its determination to eliminate the merit time eligibility date. Petitioner commenced this CPLR article 78 proceeding challenging the revised determination. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Petitioner contends that he was improperly denied a merit time allowance because he reached his maximum expiration date of August 18, 2002 on his 1992 convictions before he was sentenced on August 21, 2002 on his subsequent conviction and, therefore, the prior sentences should have had no impact on the later sentence. We disagree. Petitioner's 1992 sentences were interrupted on November 8, 2001, the date of his delinquency, until he was returned to DOCS's custody on September 18, 2002 (see Penal Law § 70.40 [3] [a]). Thus, petitioner still owed time on his 1992 sentences when he returned to DOCS's custody. Because such sentences were imposed for violent felony offenses, petitioner was not entitled to a merit time allowance when his parole eligibility date was recomputed (see Correction Law § 803 [1] [d] [ii]). Moreover, petitioner was not entitled to parole jail time credit for the time he spent in local custody from November 8, 2001 until August 18, 2002 after he was arrested on the new charges, as Penal Law § 70.40 (3) (c) (iii) provides that such credit is only applicable to the extent that the time served in local custody exceeds the maximum term of imprisonment imposed on the new conviction, which in this case was life in prison. Notably, petitioner received 308 days of jail time credit against his new sentence and was not entitled to have it counted against his former convictions as well (see People v Hanna, 219 AD2d 792 [1995]). Petitioner's remaining arguments have been considered and found to be without merit.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.