■ In the Matter of HENRI LAMONT, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [981 NYS2d 923]—

Appeal from a judgment of the Supreme Court (Devine, J.), entered March 6, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Corrections and Community Supervision computing petitioner's prison sentence.

Petitioner commenced this CPLR article 78 proceeding challenging the omission of any merit time eligibility in the computation of his sentence. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We are unpersuaded by petitioner's contention that his eligibility for a merit time allowance should be governed solely by the sentenced imposed upon his 2012 non-violent felony conviction. Pursuant to Correction Law § 803 (1) (d) (ii), a merit time allowance is not permitted for sentences imposed for vio-

lent felony offenses (*see Matter of Washington v Dennison*, 42 AD3d 830, 831 [2007]). The record establishes that petitioner was still subject to an undischarged portion of a sentence stemming from his 2003 conviction of criminal possession of a weapon in the third degree—which, at that time, was defined as a violent felony offense (*see* Penal Law former §§ 70.02 [1] [c]; 265.02 [4]). As such, petitioner was not entitled to a merit time allowance in the computation of his parole eligibility date (*see Matter of Washington v Dennison*, 42 AD3d at 831). As we discern no error in the computation of petitioner's sentence, Supreme Court's judgment is affirmed. Petitioner's remaining contentions have been reviewed and found to be without merit.

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.