People v Johnson (2018 NY Slip Op 06045)





People v Johnson


2018 NY Slip Op 06045


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-05550
2017-08183

[*1]People of State of New York, appellant, 
v
Richard Johnson, respondent.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Julian Joiris of counsel), for appellant.
The Legal Aid Society, New York, NY (Denise Fabiano and Elon Harpaz of counsel), for respondent.



DECISION & ORDER
Appeals by the People from (1) an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated March 21, 2017, and (2) an amended order of the same court dated May 9, 2017. The order and amended order granted the defendant's motion to vacate an order of the same court dated September 29, 2014, designating him a level three sex offender pursuant to Correction Law article 6-C and, in effect, to be removed from the sex offender registry.
ORDERED that the appeal from the order dated March 21, 2017, is dismissed, without costs or disbursements, as that order was superseded by the amended order dated May 9, 2017; and it is further,
ORDERED that the amended order dated May 9, 2017, is reversed, on the law, without costs or disbursements, the defendant's motion to vacate the order dated September 29, 2014, is denied, and the order dated March 21, 2017, is modified accordingly.
In 1977, the defendant was sentenced to concurrent terms of imprisonment for convictions of rape in the second degree and attempted robbery in the third degree. On June 4, 1979, soon after the defendant was released on parole, the Department of Correction and Community Supervision (hereinafter DOCCS) declared the defendant delinquent. On November 5, 1979, the defendant was arrested for his role in a homicide. He was later convicted of murder in the second degree and sentenced to a term of imprisonment. He was returned to the custody of DOCCS on
January 19, 1982.
In 2014, the defendant became eligible for parole, and on September 29, 2014, the Supreme Court adjudicated him a level three sex offender under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA). The defendant subsequently moved to vacate the order adjudicating him a level three sex offender and, in effect, to be removed from the sex offender registry, on the ground that he was not subject to SORA because his sentence for rape in the second degree had expired on September 10, 1980, prior to SORA's effective date of January 21, 1996. The court granted that motion in an order dated March 21, 2017, and in an amended order dated May 9, 2017. The People appeal from both the order and the amended order.
Contrary to the defendant's contention, his rape and attempted robbery sentences were "automatically interrupted when the Parole Board declared him delinquent" on June 4, 1979 (People [*2]v Hanna, 219 AD2d 792, 792; see Penal Law former § 70.40[3][a]; 9 NYCRR 8004.3[b]; Matter of Ellis v Head Clerk, Otisville Correctional Facility, 128 AD2d 525, 526; People ex rel. Gonzalez v New York State Bd. of Parole, 103 AD2d 855, 855). The defendant was not entitled to credit against those interrupted sentences for his time spent in local custody while his murder case was pending, as none of the provisions providing for such credit in Penal Law former § 70.40(3)(c) apply in this case (see Penal Law former § 70.40[3][c]; Matter of Washington v Dennison, 42 AD3d 830, 831). The interruption of the defendant's rape and attempted robbery sentences that began on June 4, 1979, continued until the defendant returned "to an institution under the jurisdiction of the state department of correction," which in this case occurred when the defendant was returned to the custody of DOCCS on January 19, 1982 (Penal Law former § 70.40[3][a]; see People ex rel. Gonzalez v New York State Bd. of Parole, 103 AD2d at 855). Upon his return to the custody of DOCCS in 1982, the defendant both commenced serving his murder sentence and resumed serving his interrupted rape and attempted robbery sentences (see Penal Law § 70.30[1]; Penal Law former § 70.40[3][a]; People v Hanna, 219 AD2d at 792-93; People ex rel. Gonzalez v New York State Bd. of Parole, 103 AD2d at 855). For the purposes of SORA, the defendant was subject to all of these sentences during his incarceration after January 19, 1982 (see People v Buss, 11 NY3d 553, 557-558). Thus, the defendant was serving his rape, attempted robbery, and murder sentences on SORA's effective date in 1996, and he is subject to SORA (see L 1995, ch 192, § 3; People v Parilla, 109 AD3d 20, 22).
Accordingly, we disagree with the Supreme Court's finding that the defendant was not subject to SORA and its determination granting the defendant's motion to vacate the order adjudicating him a level three sex offender and, in effect, to be removed from the sex offender registry.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court