■ In the Matter of LAMONT BIRDEN, Appellant, v DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents.—Judgment unanimously reversed on the law and matter remitted to Supreme Court, Cayuga County, for further proceedings, in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding for an order compelling respondents to recompute his jail-time credits and award him 232 days of credit. At issue is time spent in jail in Onondaga County before he was released on bail and time spent in confinement in New Jersey pursuant to a New York detainer warrant. We conclude that petitioner sufficiently

demonstrated the existence of factual issues as to each confinement and that a trial is necessary (CPLR 7804 [h]).

Petitioner contends that he was confined in Onondaga County from October 29, 1979, when he was arrested for robbery, until December 29, 1979, when he was released on bail. The Sheriff of Onondaga County has certified that he was in his custody on October 29 and 30, and from November 2 until December 7, 1979. On appeal, respondents contend that they are bound by the certification of the Sheriff and that this portion of the petition should be dismissed since the Sheriff was not joined as a party (see, *Middleton v State of New York*, 54 AD2d 450, *affd* 43 NY2d 678; *Matter of Brooks v Dalsheim*, 103 AD2d 986). Even though this court could reach the issue of nonjoinder (*Matter of Lezette v Board of Educ.*, 35 NY2d 272, 282), a dismissal for nonjoinder is not mandated. Since a trial will be required to resolve the factual issues, we direct that the Sheriff be joined as a party within 30 days from the filing of an order herein (see, 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1003.05).

During his trial for robbery, petitioner absconded to New Jersey, where he was arrested for disorderly conduct on May 20, 1980. A detainer warrant was filed by New York, and petitioner refused to waive extradition. The documentation submitted by the parties suggests that the New Jersey proceeding was dismissed on June 9, 1980, but that petitioner continued to be confined pursuant to the detainer until extradition on August 1, 1980. Petitioner has not been granted any credit for time served in New Jersey. We conclude that petitioner would be entitled to jail-time credit for the period he was actually confined in New Jersey following dismissal of the New Jersey charge and solely by reason of the New York detainer (*Matter of Keffer v Reid*, 100 AD2d 549; *Matter of Peterson v New York State Dept. of Correctional Servs.*, 100 AD2d 73), provided that he can demonstrate such confinement by acceptable proof at trial. Since petitioner made a sufficient showing of factual issues to warrant a trial, we reverse the judgment and remit this matter for further proceedings not inconsistent herewith. (Appeal from judgment of Supreme Court, Cayuga County, Contiguglia, J.—art 78.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.