OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by vacating the sentence of probation under superior court information 320/89 and remitting the case to County Court for resentencing in accordance with this memorandum and, as so modified, affirmed.
On May 7, 1989, defendant attempted to cash a stolen check at the Arlington Bar and Grill in Poughkeepsie. In an unrelated incident occurring five months later at the Junction Tavern, also in Poughkeepsie, defendant obtained a small amount of cocaine and split it with an undercover officer. On December 21, 1989, defendant waived indictment and pleaded guilty to the two pending superior court informations, and was sentenced on February 20, 1990 to one year in Dutchess County Jail for the stolen check charge and five years’ probation for the drug possession.
Defendant appealed, claiming that probation was illegal under Penal Law § 65.00 (1), which provides that
"the court shall not, except to the extent authorized by [Penal Law § 60.01 (2) (d)], impose a sentence of probation in any case where it sentences a defendant for more than one crime and imposes a sentence of imprisonment for any one of the crimes.”
The Appellate Division rejected defendant’s argument, holding *1018 that the statute applies only when the crimes are charged in a single accusatory instrument. The court’s conclusion was based on the statutory words "in any case,” which it read to require a single "case,” or accusatory instrument.
"In any case” is among the most common phrases in the Penal and Criminal Procedure Laws. The correct reading of the phrase may be gleaned, for example, in CPL 220.35, which provides: "In any case where the defendant offers to enter a plea of guilty [to] a misdemeanor to constitute a disposition of the entire indictment or to constitute a complete disposition of one or more other indictments”. (Emphasis added.) Manifestly, "in any case” refers to "in any instance” rather than to a single accusatory instrument.
That there is no single-accusatory-instrument requirement is confirmed by the legislative history:
"The proposed subdivision does not permit use of the sentence of probation where the court imposes a sentence of imprisonment for some other crime
* * * The use of the sentence would be improper in [this] situation because its basic purpose is to provide a method of supervising offenders without removing them from the community * * * If the court decides to withhold additional imprisonment
* * * it can impose a concurrent sentence, or, where authorized, conditional or absolute discharge.” (Commn Staff Notes, reprinted in Proposed NY Penal Law [Study Bill, 1964 Senate Int 3918, Assembly Int 5376] § 25.00 [1], at 262.)
As the Commission indicated, probation is inappropriate for defendants being imprisoned because the "basic purpose” of probation is to provide supervision without removing offenders from the community.* This rationale applies with equal force whether defendant is sentenced for related crimes contained in a single accusatory instrument or unrelated crimes charged in separate instruments. So long as defendant is imprisoned for "some other crime” the Legislature did not authorize probation as a sentencing option.
*1019 Defendant’s remaining contention is unpreserved for our review.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order modified in accordance with the memorandum herein and, as so modified, affirmed.

 As enacted in 1965, the Penal Law did not authorize a "split sentence” of probation and imprisonment, and thus the bar of Penal Law § 65.00 (1) was absolute. The Legislature subsequently authorized split sentences in limited circumstances not present here (see, L 1974, ch 835, § 1 [adding Penal Law § 60.01 (2) (d)]; § 2 [conforming amendment to Penal Law § 65.00 (1) ]; L 1980, ch 86, § 1; L 1982, ch 65, § 1 [each amending Penal Law § 60.01 (2) (d)]).