■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAHESH K. SINGH and GEORGIA PERRY-RACCIS, Appellants. [623

NYS2d 919] —Appeal by the defendants from two judgments (one as to each of them) of the Supreme Court, Suffolk County (McInerney, J.), both rendered December 17, 1993, convicting Mahesh K. Singh of attempted criminal possession of stolen property in the second degree and conspiracy in the fourth degree, upon a jury verdict, and sentencing him to a term of 1½ to 4½ years imprisonment on the conviction of attempted criminal possession of stolen property in the second degree and a concurrent term of six months imprisonment and five years probation on the conviction of conspiracy in the fourth degree; and convicting Georgia Perry-Raccis of attempted criminal possession of stolen property in the second degree and conspiracy in the fourth degree, upon a jury verdict, and sentencing her to two concurrent terms of five years probation plus 450 hours of community service in lieu of a term of imprisonment of 90 days.

Ordered that the judgment as to Mahesh K. Singh is modified, on the law, by vacating the term of six months imprisonment and five years probation imposed upon the conviction of conspiracy in the fourth degree and resentencing him to a definite term of six months imprisonment to run concurrently with the sentence of imprisonment imposed upon his conviction of attempted criminal possession of stolen property in the second degree; as so modified, the judgment as to Mahesh K. Singh is affirmed; and it is further,

Ordered that the judgment as to Georgia Perry-Raccis is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the respective defendants' guilt of attempted criminal possession of stolen property in the second degree and conspiracy in the fourth degree beyond a reasonable doubt.

While the admission of the hearsay statements of the codefendant John Papadakis was error because the People failed to show that he was unavailable to testify, the error was harmless in light of the overwhelming evidence of the defendants' guilt (see, People v Crimmins, 36 NY2d 230).

We agree with the defendant Mahesh K. Singh's contention that it was impermissible to impose a sentence of six months imprisonment and five years probation on the conviction of criminal conspiracy in the fourth degree to run concurrently

with the indeterminate sentence of 1½ to 4½ years imprisonment on the conviction of attempted criminal possession of stolen property in the second degree (see, People v Cerilli, 80 NY2d 1016). We have, therefore, vacated the split sentence and imposed a definite sentence instead. However, we do not agree with Singh's contention that the sentence imposed was excessive (see, People v Suitte, 90 AD2d 80).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.