[806 NE2d 138, 774 NYS2d 113]

In the Matter of DONALD P. GUIDO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents.

Argued January 8, 2004; decided February 12, 2004

## POINTS OF COUNSEL

*New York State Defenders Association*, Albany (*Alfred O'Connor* of counsel), for appellant. Petitioner is entitled to 411 days of additional jail time credit pursuant to Penal Law § 70.30 (3) because New York authorities lodged a warrant against him during the pendency of his pretrial incarceration in Florida on charges that culminated in acquittal and dismissal. (*Matter of Hawkins v Coughlin*, 72 NY2d 158; *People v Cerilli*, 80 NY2d 1016; *Matter of Auerbach v Board of Educ.*, 86 NY2d 198; *Matter of Peterson v New York State Dept. of Correctional Servs.*, 100 AD2d 73; *Matter of Keffer v Reid*, 100 AD2d 549; *Matter of Chang v Goord*, 295 AD2d 231; *Matter of Bentley v Demsky*, 250 AD2d 886; *Matter of Birden v Department of Correctional Servs.*, 134 AD2d 843; *People v Vitale*, 80 Misc 2d 36; *Matter of Vitale v Wilkes*, 49 AD2d 702.)

*Eliot Spitzer, Attorney General*, Albany (*Denise A. Hartman, Caitlin J. Halligan, Daniel Smirlock* and *Nancy A. Spiegel* of counsel), for Glenn S. Goord, respondent. The Department of Correctional Services has credited petitioner with all the jail time to which he is entitled. (*Matter of Bottom v Goord*, 96 NY2d 870; *Middleton v State of New York*, 54 AD2d 450, 43 NY2d 678; *Matter of Torres v Bennett*, 271 AD2d 830; *Matter of Peterson v New York State Dept. of Correctional Servs.*, 100 AD2d 73; *Matter of Chang v Goord*, 295 AD2d 231; *Matter of Bentley v Demskie*, 250 AD2d 886, 92 NY2d 884, 525 US 1044; *Matter of Birden v Department of Correctional Servs.*, 134 AD2d 843; *Matter of Witteck v Superintendent of Wallkill Correctional Facility*, 65 AD2d 249, 48 NY2d 858; *Bingham v New York City Tr. Auth.*, 99 NY2d 355; *People ex rel. Fredericks v Mann*, 219 AD2d 763, 87 NY2d 803.)

**OPINION OF THE COURT**

ROSENBLATT, J.

Penal Law § 70.30 (3) entitles an inmate to jail time credit against a New York sentence for a period spent in custody on charges culminating in an acquittal or dismissal. The narrow question before us is whether the same credit must be accorded for periods of time spent in another state's custody, when the New York charge was not the sole cause of the inmate's out-of-state detention.

On March 9, 1989, petitioner was arrested in Pinellas County, Florida, on charges in that county and on outstanding arrest warrants for other charges in Sarasota County, Florida. Seven days later and while petitioner was being detained in the Pinellas County Jail, New York lodged a warrant against him in connection with charges in Herkimer County, New York. On March 12, 1990, a jury acquitted petitioner on the Pinellas County charges. Authorities then transferred petitioner, who was still in detention, to Sarasota County, where he remained in custody until the Sarasota charges were dismissed on April 22, 1990. On April 23, 1990, petitioner was extradited to New York to stand trial on the Herkimer charges. Herkimer County held petitioner as a detainee through the pendency of his trial. Upon petitioner's conviction for the Herkimer County crimes, the trial court sentenced him to concurrent indeterminate terms of imprisonment of 12½ to 25 years and 3½ to 7 years.

After receiving him into its custody on March 5, 1991, the Department of Correctional Services (DOCS) credited petitioner with the 316 days of jail time he spent in Herkimer County's custody following his extradition. On May 15, 2000, petitioner wrote the inmate records coordinator at Elmira Correctional Facility, seeking an additional 411 days of jail time credit for the period of his Florida detention. The inmate records coordinator replied that DOCS could not credit petitioner for any jail time that had not been certified by the sheriff in the county of conviction. After requesting such certification from the Herkimer County Sheriff and receiving no response, petitioner commenced this CPLR article 78 proceeding to compel the Herkimer County Sheriff and the Commissioner of DOCS to grant him 411 days of jail time credit.

Supreme Court dismissed the petition, reasoning that petitioner was entitled to credit under Penal Law § 70.30 (3) only if the New York warrant was the sole cause of petitioner's

Florida detention. The Appellate Division affirmed. We granted petitioner leave to appeal, and now reverse.

Penal Law § 70.30 (3) specifies the conditions under which DOCS may award jail time credit to New York inmates. In pertinent part, the provision states:

> "*In any case* where a person has been in custody due to a charge that culminated in a dismissal or an acquittal, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a warrant or commitment was lodged during the pendency of such custody" (emphasis added).

Petitioner contends that the plain language of Penal Law § 70.30 (3) entitles him to jail time credit for the 411 days he spent in Florida custody, before his extradition to New York. DOCS counters that the statute authorizes credit only for time spent in New York custody and for time spent in another jurisdiction's custody when a New York detainer is the sole cause of the detention. In advancing this interpretation of Penal Law § 70.30 (3), DOCS relies almost exclusively on a line of Appellate Division cases, beginning with *Matter of Peterson v New York State Dept. of Correctional Servs.* (100 AD2d 73 [2d Dept 1984]).

In *Peterson*, the petitioner sought to apply jail time (accrued during a pretrial detention on federal charges for which he was eventually convicted and sentenced) against two subsequent New York sentences that were to run concurrently with the federal sentence. The Appellate Division rejected the petition on the ground that the New York detainer was not the sole cause of the federal detention (*see id.* at 80). It held that a New York inmate was entitled to jail time credit for the federal detention only if (1) bail was set on the federal charge, (2) the inmate had the financial ability to meet the bail set on the federal charge, and (3) the inmate's failure to post bond or otherwise secure his or her release resulted solely from the lodging of a New York detainer (*see id.*). Likewise, in *Matter of Keffer v Reid* (100 AD2d 549 [2d Dept 1984]), the Appellate Division applied *Peterson*'s reading of Penal Law § 70.30 (3) to an inmate who sought jail time credit for a New Jersey detention. In *Keffer*, as in *Peterson*, the inmate's New York sentence ran concurrently with the out-of-state sentence.

Over the last two decades, *Peterson* and *Keffer* have engendered a robust progeny. The Appellate Division has applied the

*Peterson* test to both concurrent sentences and detentions culminating in acquittal or dismissal (*see Matter of Chang v Goord*, 295 AD2d 231 [1st Dept 2002];[1] *Matter of Bentley v Demskie*, 250 AD2d 886 [3d Dept 1998]; *Matter of Birden v Department of Correctional Servs.*, 134 AD2d 843 [4th Dept 1987]).

■ ■ Notwithstanding the widespread acceptance garnered by *Peterson* and its offspring, those cases have established a rule that conflicts with the plain statutory language, and they should no longer be followed.[2] Penal Law § 70.30 (3) makes no distinction whatsoever between inmates who are detained in New York and those who are detained by sister states or the federal government. Indeed, the statute expressly provides that inmates should receive jail time credit "[i]n any case" where they were held in "custody due to a charge that culminated in a dismissal or an acquittal," as long as the warrant giving rise to the New York sentence was "lodged during the pendency of such custody." "In any case" means in *any* case, and we cannot conclude that by saying "any" the Legislature meant some and not others (*see People v Cerilli*, 80 NY2d 1016 [1992]). In short, Penal Law § 70.30 (3) does not contemplate the place of detention as a factor DOCS should consider when computing jail time credit.[3]

Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO and READ concur; Judge R.S. SMITH taking no part.

Order reversed, etc.

---

1. Reversed today in *Matter of Chang v Goord* (1 NY3d 603 [2004]).

2. Its reliance on *Peterson* in this case aside, DOCS concedes that one of the *Peterson* court's key holdings, that Penal Law § 70.30 (2-a) does not authorize jail time credit for time spent in custody in foreign jurisdictions, was incorrect.

3. Although we reject the *Peterson* court's reading of Penal Law § 70.30 (3), we note and petitioner concedes that inmates may not secure jail time credit for an out-of-state or federal detention unless they provide a certified record of that detention. The Department of Correctional Services has no obligation to collect such documentation on behalf of an inmate.