■ In the Matter of CHESTER DAVIDSON, Appellant, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [861 NYS2d 471]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Hard, J.), entered November 28, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review, among other things, a determination of respondent denying him parole jail time credit on his maximum sentence expiration date.

Petitioner was convicted in 1993 of manslaughter in the first degree and attempted robbery in the first degree and was sentenced to concurrent terms of imprisonment of 6 to 18 years and 1 to 3 years, respectively. He was conditionally released to parole supervision on December 29, 2003, but was thereafter declared delinquent as of April 10, 2004 based upon his being

arrested on that day and charged with multiple assault counts and criminal possession of a weapon in the fourth degree. Subsequently, an Administrative Law Judge revoked petitioner's parole and recommended that he be held until the maximum expiration date of his sentence. The determination was upheld on administrative appeal and confirmed by this Court (see Matter of Davidson v New York State Div. of Parole, 34 AD3d 998, 998-999 [2006], lv denied 8 NY3d 803 [2007]).

Petitioner was thereafter acquitted of the charges based on the April 10, 2004 incident, but was convicted of assault in the third degree for his role in an incident that had occurred a few days prior and had been charged in the same indictment. Petitioner received a one-year jail sentence for this conviction, which he commenced serving on December 5, 2004. He was then received by respondent on January 18, 2005 to resume serving the remainder of his 1993 sentence. At that point, his 1993 sentence was credited with 44 days of parole jail time for the period from December 5, 2004 through January 17, 2005. However, after respondent confirmed that the New York City Department of Correction had credited the time from May 5, 2004 through January 6, 2005 to petitioner's one-year jail sentence, the credit to his 1993 sentence was reduced to 11 days, reflecting the period from January 7, 2005 through January 17, 2005.

Meanwhile, based on the circumstances under which petitioner was found to have violated his parole, he was informed by officials at Greene Correctional Facility in Greene County that he would be required to complete the Aggression Replacement Training Program. Petitioner refused to participate in the program and filed a grievance challenging the referral. The grievance was denied and, following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the parole jail time credit determination and the denial of his grievance. Supreme Court dismissed the petition, prompting this appeal.

Petitioner's 1993 sentence was properly interrupted during the time between April 10, 2004, the date of his delinquency, until he was returned to respondent's custody on January 18, 2005 (see Penal Law § 70.40 [3] [a]; Matter of Blake v Travis, 35 AD3d 925, 926 [2006]; Matter of Cruz v New York State Dept. of Correctional Servs., 288 AD2d 572, 573 [2001], lv dismissed 97 NY2d 725 [2002]). Although time spent in custody during the time period between the date of delinquency and the resumption of the interrupted sentence is credited against the maximum term of the interrupted sentence (see Penal Law

§ 70.40 [3] [c]), when, as here, custody arises from an arrest and conviction on another charge, the credit is "limited to the portion of the time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction" (Penal Law § 70.40 [3] [c] [iii]; *see People ex rel. Ternaku v LeFevre*, 58 AD2d 932, 933 [1977]). As petitioner's 2004 sentence was completed on January 7, 2005 and his interrupted sentence resumed on January 18, 2005, petitioner was properly credited with those 11 days.*

Finally, considering petitioner's violent tendencies, respondent's requirement that petitioner complete the Aggression Replacement Training Program, despite having previously participated in the program, has a rational basis and, thus, will not be disturbed (*see Matter of Wiggins v Joy*, 46 AD3d 1035, 1036 [2007]; *see generally Matter of Harris v Goord*, 18 AD3d 1040, 1041 [2005]).

Peters, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

* We note that the judgment states that petitioner was credited with 44 days of jail time credit. However, the record before Supreme Court clearly indicated that petitioner was credited with only 11 days and the parties do not dispute this point. Accordingly, we are affirming on the basis that Supreme Court's ultimate action in dismissing the petition was proper.