■ In the Matter of GIOVANI RAMOS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [870 NYS2d 629]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered October 5, 2007 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services computing petitioner's jail time credit.

Petitioner was indicted in Westchester County in 1996 for various drug-related crimes but apparently fled the jurisdiction before he could be prosecuted. In May 1999, petitioner was arrested in the Dominican Republic on a Westchester County warrant and held for approximately four months pending his extradition to the United States. Following his conviction of criminal possession of a controlled substance in the first degree, sentencing and resentencing, petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the Department of Correctional Services (hereinafter DOCS) computing his jail time credit. Specifically, petitioner sought credit for the 121 days he was held in a Dominican Republic jail pending extradition. Supreme Court dismissed petitioner's application, prompting this appeal.

We affirm. Because Penal Law § 70.30 (3) draws no distinction between an inmate who is detained in New York and one who is detained elsewhere, an inmate who has spent time in federal custody, another state's custody or even another country's custody is entitled to jail time credit so long as, among other things, the inmate "provide[s] a certified record of that detention" (*Matter of Guido v Goord*, 1 NY3d 345, 349 n 3 [2004]; *see* Correction Law § 600-a). As petitioner has yet to produce a certified record of his detention in the Dominican Republic, DOCS is bound by the commitment papers that actually accompanied him (*see Matter of Murray v Goord*, 1 NY3d 29, 32 [2003]; *Matter of LaRocco v Goord*, 43 AD3d 500, 501 [2007]), which reflect only a credit for the 736 days that petitioner spent in the Westchester County jail. In the absence of the required certification, we find no basis to disturb DOCS's calculation of petitioner's jail time credit. Accordingly, Supreme Court properly dismissed his petition.

Cardona, P.J., Mercure, Spain, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.