■ In the Matter of LAWRENCE JACKSON, Appellant, v ANTHONY MOLIK, as Senior Parole Officer for the Division of Parole, et al., Respondents. [880 NYS2d 765]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered July 29, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner parole jail time credit on his maximum sentence expiration date.

While on parole as a result of a prior conviction, petitioner was arrested in June 2004 and subsequently pleaded guilty in January 2005 to criminal possession of a controlled substance in the seventh degree, for which he received a jail term of one year. In May 2005, petitioner was found to have violated his parole as a result of the January 2005 conviction. Upon his return to the Department of Correctional Services, petitioner was credited with 109 days of jail time. After exhausting his administrative appeals, petitioner commenced this CPLR article 78 proceeding seeking credit toward his parole for all of the time he served in jail pursuant to his January 2005 conviction. Supreme Court dismissed the petition and petitioner now appeals.

Pursuant to Penal Law § 70.40 (3) (c) (iii), any time spent by a person in custody, between the time of delinquency on an interrupted sentence and the time that sentence resumes, shall be credited toward the interrupted sentence except that, where the custody arises from another charge that results in conviction and a sentence of imprisonment, the credit is limited to the time spent in custody that exceeds the sentence on the new conviction (see Matter of Davidson v State of N.Y. Dept. of Correctional Servs., 53 AD3d 741, 742-743 [2008], lv denied 11 NY3d 706 [2008]; Matter of Washington v Dennison, 42 AD3d 830, 831 [2007]). Here, petitioner's original sentence was interrupted when he was taken into custody on July 13, 2004 and he was ultimately given a one-year jail term for his January 2005 conviction. As petitioner's 2005 sentence was completed on February 11, 2005 and his interrupted sentence resumed on May 30, 2005, petitioner was properly credited with 109 days (see Matter of Davidson v State of N.Y. Dept. of Correctional Servs., 53 AD3d at 743).

Peters, J.P., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.