█ In the Matter of DEAN FAIELLO, Appellant, v BRIAN FISCHER, Commissioner, New York State Department of Corrections and Community Supervision, et al., Respondents. [971 NYS2d 725]—

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered May 9, 2011 in a proceeding pursuant to CPLR article 78. The judgment denied the amended petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment denying his CPLR article 78 amended petition seeking review of the determination calculating his jail time credit. We affirm. Inasmuch as "Penal Law § 70.30 (3) draws no distinction between an inmate who is detained in New York and one who is detained elsewhere, an inmate who has spent time in federal custody, another state's custody or even another country's custody is entitled to jail time credit so long as, among other things, the inmate 'provide[s] a certified record of that detention' " (*Matter of Ramos v Goord*, 58 AD3d 921, 922 [2009], quoting *Matter of Guido v Goord*, 1 NY3d 345, 349 n 3 [2004]). Petitioner has not produced a certified record of his detention in Costa Rica, and thus there is no basis to disturb the calculation of petitioner's jail time credit (*see id.*; *cf.* CPLR 4542). Petitioner's contention concerning the impact of CPLR 2101 on the determination herein is without merit because that statute is inapplicable here, and his remaining contentions are raised for the first time on appeal and therefore are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Finally, we note

that our determination of this appeal does not preclude petitioner from again seeking relief with respect to his jail time credit, upon production of the requisite documentation. Present—Scudder, P.J., Fahey, Sconiers and Valentino, JJ.