# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

978

CA 11-02248

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF DEAN FAIELLO,
PETITIONER-APPELLANT,

V                                                MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, AND DORA B. SCHRIRO, COMMISSIONER,
NEW YORK CITY DEPARTMENT OF CORRECTIONS,
RESPONDENTS-RESPONDENTS.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER-APPELLANT.

MICHAEL A. CARDOZO, CORPORATION COUNSEL, NEW YORK CITY (KRISTIN M. HELMERS OF COUNSEL), FOR RESPONDENT-RESPONDENT DORA B. SCHRIRO, COMMISSIONER, NEW YORK CITY DEPARTMENT OF CORRECTIONS.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered May 9, 2011 in a proceeding pursuant to CPLR article 78. The judgment denied the amended petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment denying his CPLR article 78 amended petition seeking review of the determination calculating his jail time credit. We affirm. Inasmuch as "Penal Law § 70.30 (3) draws no distinction between an inmate who is detained in New York and one who is detained elsewhere, an inmate who has spent time in federal custody, another state's custody or even another country's custody is entitled to jail time credit so long as, among other things, the inmate 'provide[s] a certified record of that detention' " (*Matter of Ramos v Goord*, 58 AD3d 921, 922, quoting *Matter of Guido v Goord*, 1 NY3d 347, 349 n 3). Petitioner has not produced a certified record of his detention in Costa Rica, and thus there is no basis to disturb the calculation of petitioner's jail time credit (*see id.; cf.* CPLR 4542). Petitioner's contention concerning the impact of CPLR 2101 on the determination herein is without merit because that statute is inapplicable here, and his remaining contentions are raised for the first time on appeal and therefore are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). Finally, we note that our determination of this appeal does not preclude petitioner from again seeking relief with respect to his jail

time credit, upon production of the requisite documentation.