■ Isaac Hudson, Appellant, v State of New York, Respondent. [981 NYS2d 479]—

Egan Jr., J. Appeal from an order of the Court of Claims (McCarthy, J.), entered December 2, 2011, which, upon reargument, granted defendant's cross motion for summary judgment dismissing the claim.

In 1993, claimant pleaded guilty to one count of robbery in the first degree and was sentenced to a prison term of 10 to 20 years. Based upon his prior felony convictions, which were recounted in the presentence investigation report, claimant was eligible to be sentenced as a predicate violent felony offender. Although the resulting sentence and commitment order did not indicate that claimant was in fact sentenced as a predicate felon, the then Department of Correctional Services (hereinafter DOCS)[1] nonetheless determined—based upon the information contained in the presentence investigation report, claimant's criminal history, the term of imprisonment imposed and its own records—that claimant was a repeat felony offender and, hence, his sentence must run consecutively to his prior undischarged term of imprisonment.[2] This calculation resulted in a conditional release date of March 3, 2009.

In June 2006, claimant requested recalculation of his sentence based upon the Court of Appeals' decision in *People v Richardson* (100 NY2d 847 [2003] [addressing the power of the trial court to modify its lawful sentence where it failed to specify whether such sentence was to run consecutively to or concurrently with a prior undischarged term of imprisonment]). When that request was denied (based upon DOCS' belief that claimant had been sentenced as a predicate felon), claimant again sought recalculation of his sentence—this time contending that, due to the People's failure to file a predicate felony statement, he was not actually sentenced as a predicate felon and, therefore, the sentence imposed upon his 1993 conviction must run concurrently with, not consecutively to, his prior undischarged term. After being provided with a copy of the sentencing minutes in early 2007, which indeed reflected that no predicate felony statement had been filed as required by CPL 400.21 (2), DOCS recalculated claimant's sentence—resulting in a conditional

---

1. DOCS merged with the Division of Parole in 2011 to become the Department of Corrections and Community Supervision (*see* L 2011, ch 62).

2. At the time that claimant was sentenced, the indeterminate term imposed (10 to 20 years) could have been a legally permissible sentence for a first violent felony offender convicted of a class B armed felony (*see* Penal Law former § 70.02 [4]; L 1995, ch 3, § 4). However, in light of claimant's prior felony convictions (as detailed in the presentence investigation report and DOCS' own records), DOCS concluded that claimant had been sentenced as a predicate felon and, therefore, claimant's sentence must run consecutively to his prior undischarged term (*see* Penal Law §§ 70.04 [2], [3] [a]; 70.25 [2-a]).

release date of September 1, 2005. Claimant subsequently was released from prison on March 22, 2007.[3]

Claimant thereafter commenced this action for false imprisonment. Following the denial of defendant's motion to dismiss, defendant answered and asserted that claimant's confinement was privileged. The parties' cross motions for summary judgment initially were denied but, upon reargument, the Court of Claims granted summary judgment in favor of defendant and dismissed the underlying claim. This appeal by claimant ensued.

We affirm. In order to state a claim for false imprisonment or unlawful confinement, claimant was required to demonstrate that (1) defendant intended to confine him, (2) he was conscious of the confinement, (3) he did not consent to the confinement, and (4) such confinement was not otherwise privileged (*see Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]; *Moulton v State of New York*, 114 AD3d 115, 119-120 [2013]; *Hernandez v City of New York*, 100 AD3d 433, 433 [2012], *lv dismissed* 21 NY3d 1037 [2013]). As there is no dispute as to the first three elements, we are left to consider whether defendant's confinement of claimant indeed was privileged.

As the Court of Appeals recently reiterated, "[a] detention, otherwise unlawful, is privileged where the confinement was by arrest under a valid process issued by a court having jurisdiction" (*Donald v State of New York*, 17 NY3d 389, 395 [2011] [internal quotation marks and citations omitted]; *see Moulton v State of New York*, 114 AD3d at 119-120; *Nazario v State of New York*, 75 AD3d 715, 718 [2010], *lv denied* 15 NY3d 712 [2010]; *Collins v State of New York*, 69 AD3d 46, 51 [2009]; *Harty v State of New York*, 29 AD2d 243, 245 [1968], *affd* 27 NY2d 698 [1970]). Here, regardless of the validity of the sentence actually imposed, the asserted ambiguity in the sentence and commitment order or the reasonableness of DOCS' interpretation thereof, there is no question that the sentencing court had jurisdiction over claimant, and the record does not otherwise suggest that the underlying process was defective. Accordingly, we are satisfied that defendant met its burden of demonstrating that its detention of claimant was privileged.

To the extent that claimant argues that our recent decision in *Moulton v State of New York* (*supra*) warrants a contrary result, we disagree. In *Moulton,* we concluded that because DOCS was in possession of information that made it abundantly clear that

---

**3.** According to claimant, he was unlawfully detained for approximately 18 months. According to defendant, claimant was released nearly two years prior to what would have been the maximum expiration of his sentence had he been properly sentenced as a predicate felony offender in the first instance.

its administratively imposed term of postrelease supervision was a nullity, its continued detention of the claimant—particularly in the wake of the Court of Appeals' decision in *Matter of Garner v New York State Dept. of Correctional Servs.* (10 NY3d 358 [2008])—was entirely unjustified. Here, however, DOCS had every reason to believe—up until the point in time when it received a complete copy of claimant's sentencing minutes—that claimant had been sentenced as a predicate felon and, therefore, was subject to a consecutive term of imprisonment. Although DOCS' determination, which was predicated upon its analysis of the relevant sentencing statutes and claimant's criminal history, proved to be erroneous, that error in judgment neither negates nor defeats defendant's claim of privilege (*see Nazario v State of New York*, 75 AD3d at 718; *Collins v State of New York*, 69 AD3d at 51-52). Simply put, DOCS—in treating claimant's sentence as running consecutively to his prior undischarged term of imprisonment—acted in excess of its jurisdiction, not in the complete absence of jurisdiction, and its conduct therefore was privileged (*see id.*). Accordingly, the Court of Claims properly granted defendant's cross motion for summary judgment dismissing the claim. Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Stein and Rose, JJ., concur. Ordered that the order is affirmed, without costs. 