■ ROBERT MILLER, Respondent, v STATE OF NEW YORK, Appellant. [4 NYS3d 143]—

Clark, J. Appeals (1) from a judgment of the Court of Claims (Ferreira, J.), entered August 13, 2012, upon a decision of the court following a bifurcated trial in favor of claimant on the issue of liability, and (2) from a judgment of said court, entered May 7, 2013, upon a decision of the court in favor of claimant on the issue of damages.

Beginning in October 2007, claimant was jailed as the result of a pending indictment charging him with criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree. In March 2009, he pleaded guilty to criminal possession of a controlled substance in the third degree and was released from custody pending sentencing. On May 4, 2009, he was sentenced to a prison term of 1½ years to be followed by postrelease supervision of 1½ years. Claimant had served his prison sentence in full at that point, but was returned to custody for processing upon the understanding that he would be released the next day. Notwithstanding those assurances, he was held by the New York City Department of Corrections for several days and, on May 12, 2009, was transferred to the custody of the New York State Department of Corrections and Community Supervision (hereinafter DOCCS). DOCCS officials quickly realized that claimant had reached the maximum expiration date of his prison sentence, but failed to release him until June 3, 2009 so that they could finalize the conditions of his postrelease supervision.

Claimant thereafter filed a notice of claim alleging that defendant, through DOCCS, had violated various rights afforded him by the NY Constitution, falsely imprisoned him and negligently subjected him to an unauthorized period of imprisonment. The Court of Claims conducted a bifurcated nonjury trial and, in August 2012, found defendant liable upon the wrongful confinement claim. The Court of Claims then heard evidence on the issue of damages and, in a judgment entered in May 2013, awarded claimant damages in the amount of $35,000 with statutory interest. Defendant now appeals from both judgments.

Dealing first with the issue of liability, in order to succeed on a claim of false imprisonment or unlawful confinement, claimant was required to show "that (1) defendant intended to confine him, (2) he was conscious of the confinement, (3) he did not consent to the confinement, and (4) such confinement was not otherwise privileged" (*Hudson v State of New York*, 115 AD3d 1020, 1022 [2014], *lv denied* 23 NY3d 907 [2014]; *see Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]; *Moulton v State of New York*, 114 AD3d 115, 119-120 [2013]). The first three elements have undoubtedly been satisfied and, accordingly, the question distills to whether claimant's confinement by DOCCS was privileged. The facts leading up to his detention are not in dispute and, after reviewing them, we agree with the Court of Claims that the confinement was not privileged.

Claimant was sentenced to a prison term as the result of his

conviction and, "where a facially valid order issued by a court with proper jurisdiction directs confinement, that confinement is privileged" (*Holmberg v County of Albany*, 291 AD2d 610, 612 [2002], *lv denied* 98 NY2d 604 [2002]; *see Jackson v State of New York*, 94 AD3d 1166, 1168 [2012]). That being said, DOCCS was " 'conclusively bound' by the terms of the sentence and commitment order," which unambiguously directed that claimant be released after 1¹/₂ years of confinement (*Matter of McCullaugh v DeSimone*, 111 AD3d 1011, 1011 [2013], quoting *Middleton v State of New York*, 54 AD2d 450, 452 [1976], *affd for reasons stated below* 43 NY2d 678 [1977]; *see Matter of Murray v Goord*, 1 NY3d 29, 32 [2003]). DOCCS continued to confine claimant after that period had ended and, given the absence of any order that required it to do so, its actions were not privileged (*see Moulton v State of New York*, 114 AD3d at 122-123; *compare Donald v State of New York*, 17 NY3d 389, 394 [2011] [detention stemmed from valid process revoking post-release supervision and was privileged, even though term of postrelease supervision itself was later found to be invalid]).

Defendant's further contention, that the need to finalize the terms of claimant's postrelease supervision conflicted with the expiration of his prison sentence, and somehow authorized his continued detention under the terms of the sentence and commitment order, is not well taken. Claimant was not confined after the maximum expiration date of his prison sentence because of any "conflicting mandates" in the commitment order, but rather because DOCCS officials chose to hold him while they belatedly finalized the terms of his postrelease supervision (*see* Executive Law § 259-i [2]; Penal Law § 70.45 [3]). Defendant's related contention that DOCCS officials acted within their discretion by confining claimant until those terms had been finalized is also without merit, as it is well settled that DOCCS has no jurisdiction to extend or modify a prison sentence (*see People v Williams*, 14 NY3d 198, 218 [2010], *cert denied* 562 US 947 [2010]; *Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 362 [2008]; *cf. Donald v State of New York*, 17 NY3d at 395-396). Thus, defendant was properly found liable.

Turning to the issue of damages, "[a]s a general rule, the measure of damages for false . . . imprisonment is such a sum as will fairly and reasonably compensate the injured person for injuries caused by defendant's wrongful act, including damages for physical and mental suffering" (*Woodard v City of Albany*, 81 AD2d 947, 947 [1981]; *see Guion v Associated Dry Goods Corp. [Lord & Taylor Div.]*, 56 AD2d 798, 798 [1977], *affd* 43

NY2d 876 [1978]). According deference to the trial court's finding that claimant credibly described his experience during the period that he was wrongfully confined by DOCCS (*see Smith v State of New York*, 121 AD3d 1358, 1358-1359 [2014]), we can only categorize that experience as Kafkaesque. Claimant was well aware that his prison sentence had expired, but DOCCS officials ignored his demands to know why he was being held, with claimant only learning of his release shortly before it occurred. Moreover, because of the interference of other inmates, he was unable to contact his family members and advise them of his ordeal. Claimant further lived in self-imposed isolation because of his fear of other inmates and, overall, the circumstances of his incarceration exacerbated his preexisting posttraumatic stress disorder. Defendant now argues that, notwithstanding the loss of liberty and mental torment endured by claimant during the three-week period that he was wrongfully confined, an award of $35,000 in damages was disproportionately high. After considering the facts of this case and the damage awards in comparable cases, we disagree and "find that the award . . . does not deviate materially from what is reasonable compensation" (*Kinge v State of New York*, 79 AD3d 1473, 1481 [2010]; *see* CPLR 5501 [c]; *Martin v State of New York*, 39 AD3d 905, 908 [2007], *lv denied* 9 NY3d 804 [2007]).

McCarthy, J.P., Garry and Lynch, JJ., concur. Ordered that the judgments are affirmed, without costs. 