■ SHAKA IFILL, Claimant, v STATE OF NEW YORK, Appellant.
[52 NYS3d 541]—

Clark, J. Appeal from a judgment of the Court of Claims (Ferreira, J.), entered January 23, 2015, upon a decision of the court in favor of claimant.

In November 2002, claimant was convicted of attempted burglary in the second degree and sentenced to a prison term of three years, to be followed by three years of postrelease supervision (hereinafter PRS). Claimant was released from the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) to PRS in May 2005, but he was thereafter twice declared delinquent and twice returned to DOCCS's custody. In April 2008, claimant was once again released to PRS, and, the following month, he was arrested in Richmond County and charged with several felony offenses. As a result, claimant pleaded guilty to violating the terms of his PRS, and he was sentenced to serve the remaining undischarged portion of his PRS in the custody of DOCCS. Additionally, in full satisfaction of the felony charges pending against him in Richmond County, claimant pleaded guilty to one count of criminal possession of a weapon in the fourth degree—a misdemeanor—and he was sentenced to a jail term of nine months, which was ordered to run concurrently with any sentence that he received for his PRS violation. In December 2008, after serving his local jail sentence on his misdemeanor conviction, claimant was transferred to the custody of DOCCS to serve the remainder of his PRS. At that time, DOCCS—unaware that claimant's jail sentence was to run concurrently with any time remaining on claimant's undischarged prison sentence—calculated claimant's parole jail time credit to be eight days, which was deemed to be the amount of time that claimant had spent in local custody in excess of his nine-month jail sentence (see Penal Law § 70.40 [3] [c] [iii]).

In January 2009, claimant sought review of DOCCS's computation of his parole jail time credit and requested credit for the total amount of time that he had served in local custody for his misdemeanor conviction. That request was denied, and claimant was advised that, in order to obtain the credit that he sought, he had to provide a copy of the certified disposition from the criminal court or a copy of the sentencing minutes. On October 14, 2009, claimant provided DOCCS with a copy of his misdemeanor sentence and commitment order, prompting DOCCS, on October 21, 2009, to revise claimant's parole jail time certificate to reflect that claimant should have received

176 days of parole jail time credit. On October 23, 2009, DOCCS used claimant's revised parole jail time certificate to recalculate the maximum expiration date of his sentence and concluded that such expiration date had passed on July 21, 2009. Claimant was released from DOCCS's custody that same day.

Thereafter, claimant commenced this action alleging, among other things, a wrongful confinement claim against defendant and sought monetary damages for the 94 days that he spent in DOCCS's custody beyond the maximum expiration date of his sentence. Defendant answered, pleading, among other things, that claimant's confinement was privileged. Following a bifurcated trial, the Court of Claims concluded that DOCCS's detention of claimant beyond the maximum expiration date of his sentence was not privileged and, thus, that claimant had been wrongfully confined from July 22, 2009 through the date of his release on October 23, 2009. Following a subsequent trial on damages, the Court of Claims determined that an award of $20,000 would reasonably compensate claimant for his wrongful confinement, and judgment was entered in favor of claimant in that amount. Defendant appeals, and we reverse.

To establish a cause of action for false imprisonment or unlawful confinement, claimant had to demonstrate that defendant intended to confine him, that he was conscious of the confinement, that he did not consent to the confinement and that his confinement was not otherwise privileged (see Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]; Miller v State of New York, 124 AD3d 997, 998 [2015]; Hudson v State of New York, 115 AD3d 1020, 1022 [2014], lv denied 23 NY3d 907 [2014]; Moulton v State of New York, 114 AD3d 115, 119-120 [2013]; Hernandez v City of New York, 100 AD3d 433, 433 [2012], lv dismissed 21 NY3d 1037 [2013]). As the parties do not dispute the first three elements of claimant's wrongful confinement claim, the sole question before us is whether defendant's confinement of claimant was privileged. To that end, "[a] detention, otherwise unlawful, is privileged where the confinement was by arrest under a valid process issued by a court having jurisdiction" (Donald v State of New York, 17 NY3d 389, 395 [2011] [internal quotation marks and citation omitted]; accord Hudson v State of New York, 115 AD3d at 1022; see Nazario v State of New York, 75 AD3d 715, 718 [2010], lv denied 15 NY3d 712 [2010]). "In other words, 'where the illegal imprisonment is pursuant to legal process which is valid on its face, [defendant] cannot be held liable in damages for wrongful

detention . . . [unless] the court issuing the process lacked jurisdiction of the person or the subject matter' " (*Collins v State of New York*, 69 AD3d 46, 51 [2009], quoting *Harty v State of New York*, 29 AD2d 243, 244 [1968], *affd* 27 NY2d 698 [1970]). Defendant has the burden of establishing that the detention was privileged (*see Hudson v State of New York*, 115 AD3d at 1022; *Moulton v State of New York*, 114 AD3d at 120).

Here, claimant does not dispute the validity of the underlying 2008 parole arrest warrant or the jurisdiction of the court that sentenced him to serve the remainder of his undischarged term of PRS in prison. As such, there is no question that, at the time of claimant's transfer from local custody to state custody in December 2008, DOCCS's confinement of claimant was privileged. Rather, claimant argues that his confinement became unlawful on July 22, 2009 and that his continued detention thereafter through October 23, 2009 was not privileged. Under the circumstances of this case, we are unpersuaded by this contention.

The record evidence established that, at the time of claimant's transfer into DOCCS's custody, DOCCS was not in possession of claimant's local sentence and commitment order or the sentencing minutes reflecting that his misdemeanor jail sentence had been ordered to run concurrently with his prior undischarged prison sentence. Without the local sentence and commitment order or sentencing minutes, DOCCS calculated claimant's parole jail time credit in accordance with the controlling Penal Law provision, Penal Law § 70.40 (3) (c) (iii), which required that claimant's parole jail time credit be limited to that portion of time that he spent in local custody that exceeded the total length of his misdemeanor jail sentence (*see Matter of Jackson v Molik*, 63 AD3d 1330, 1330 [2009]; *Matter of Davidson v State of N.Y. Dept. of Correctional Servs.*, 53 AD3d 741, 742-743 [2008], *lv denied* 11 NY3d 706 [2008]; *Matter of Blake v Travis*, 35 AD3d 925, 926 [2006]; *People ex rel. Melendez v Bennett*, 291 AD2d 590, 591 [2002], *lv denied* 98 NY2d 602 [2002]). DOCCS correctly calculated claimant's parole jail time credit in accordance with this provision, and, until claimant provided DOCCS with the local sentence and commitment order in October 2009, DOCCS had no reason to believe that the local sentencing court had intended to afford claimant more parole jail time credit than would ordinarily be authorized by law. Nevertheless, once presented with the local sentence and commitment order, DOCCS recalculated claimant's parole jail time credit to include the total amount of time that claimant had served in local custody and, upon

determining that his recalculated parole jail time credit had advanced the maximum expiration date of his sentence to a date that had already passed, released claimant from custody. Contrary to claimant's contention, DOCCS did not have an independent obligation to obtain claimant's misdemeanor sentence and commitment order (*cf. Matter of Guido v Goord*, 1 NY3d 345, 349 n 3 [2004]; *Hudson v State of New York*, 115 AD3d at 1023; *Matter of Faiello v Fischer*, 109 AD3d 1197, 1197 [2013]; *Matter of Ramos v Goord*, 58 AD3d 921, 922 [2009]).* Accordingly, under these circumstances, we find that DOCCS's confinement of claimant from July 22, 2009 through October 23, 2009 was privileged (*see Hudson v State of New York*, 115 AD3d at 1022-1023; *compare Miller v State of New York*, 124 AD3d at 999). As such, claimant's cause of action for wrongful confinement fails, and his claim must be dismissed.

Egan Jr., J.P., Lynch, Rose and Mulvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and claim dismissed.

---

* Currently, and as was the case at all times relevant to this appeal, Correction Law § 600-a requires local custodial officials to deliver a certified transcript of an inmate's sentencing and commitment record when that inmate is transferred from local custody to state custody. However, this requirement applies only to initial jail time credit certifications and not to calculations of parole jail time credit when an inmate returns to state custody to serve a prior, undischarged sentence (*see* Correction Law § 201 [11]; Penal Law § 70.40 [3] [c]).