■ Alvin Torres, Respondent, v State of New York, Appellant. [52 NYS3d 152]—

Lynch, J. Appeal from a judgment of the Court of Claims (McCarthy, J.), entered May 13, 2015, upon a decision of the court in favor of claimant.

In March 2006, claimant was sentenced to concurrent prison terms of 1 1/3 to 4 years. He was initially released to parole supervision in November 2006, but was thereafter arrested on several occasions. After a parole revocation hearing in April 2008, a delinquent time assessment was imposed, which claimant was required to serve in state prison. On June 30, 2008, claimant pleaded guilty to a misdemeanor and was sentenced to a jail term of one year, served in local custody. Upon the expiration of this sentence on December 3, 2008, claimant was transferred to the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) on December 12, 2008, to serve his remaining term. At that

time, DOCCS initially credited claimant with 238 days of parole jail time, based on the time served locally. DOCCS then revised the calculation to just nine days for the period between December 3, 2008 and December 12, 2008, i.e., the amount of time that claimant spent in local custody in excess of his one-year sentence (see Penal Law § 70.40 [3] [c] [iii]).

In early January 2009, claimant wrote to prison officials questioning the calculation and advised that the local court had ordered that his sentence was to run concurrently with the time remaining on his state prison sentence. Claimant provided both the docket number and the name of the local court judge and calculated a maximum expiration date of October 11, 2009. DOCCS responded that its time computation was correct, including the June 2010 maximum expiration date. Later in January 2009, claimant was again released, but was arrested and declared delinquent in May 2009. He was released once more in November 2009, but was again arrested in January 2010 for violating the conditions of parole and incarcerated. On March 22, 2010, claimant's attorney, the Legal Aid Society, provided prison officials with the sentencing minutes from the June 2008 misdemeanor conviction, validating claimant's contention that the local court had imposed a concurrent sentence. Based on this information, DOCCS credited claimant with 248 days of parole jail time and determined that claimant's correct maximum expiration date was October 7, 2009. Claimant was directly discharged.

Thereafter, claimant commenced this action of unlawful imprisonment, seeking monetary damages for both the time spent in prison after October 7, 2009, as well as periods when he was released subject to parole supervision. After granting claimant's summary judgment motion on liability while denying defendant's cross motion to dismiss, the Court of Claims awarded claimant a total of $102,532.50 following a trial on damages. Defendant appeals and we reverse.

To establish a claim of false imprisonment or unlawful confinement, claimant was required to demonstrate, among other things, that the confinement was not privileged (see *Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]; *Ifill v State of New York*, 149 AD3d 1287 [decided herewith]; *Hudson v State of New York*, 115 AD3d 1020, 1022 [2014], *lv denied* 23 NY3d 907 [2014]). Claimant does not challenge the commitment orders for the underlying 2006 convictions or the multiple parole violations, but maintains that his confinement beyond October 7, 2009 was not privileged due to DOCCS's failure to account for the concurrent local sentence imposed in 2008. We disagree.

When claimant returned to DOCCS's custody in December 2008, DOCCS calculated his parole jail time credit pursuant to the controlling Penal Law provision, Penal Law § 70.40 (3) (c) (iii), which limited the credit to that portion of the time spent in custody that exceeded his misdemeanor jail sentence (*see Ifill v State of New York, supra*, 149 AD3d at 1287). While claimant questioned this calculation in his January 2009 letter, he did not provide prison officials with a certified disposition from the local court or a copy of the sentencing minutes. It was not DOCCS's policy at that juncture to solicit sentence and commitment orders for local jail sentences and "DOCCS did not have an independent obligation to" do so (*id.* at 1290).* Moreover, the Court of Claims' reliance on Correction Law § 600-a as evidence that DOCCS possessed the local commitment order in December 2008 was misplaced for that provision "applies only to initial jail time credit certifications and not to calculations of parole jail time credit when an inmate returns to state custody to serve a prior, undischarged sentence" (*id.* at 1290 n). There was no statutory mechanism in place by which the local court order would have been forwarded to DOCCS when claimant was transferred back to DOCCS's custody in December 2008 and no evidence that DOCCS received such documentation before the Legal Aid Society acted in March 2010. Upon receipt of this documentation, DOCCS promptly recalculated claimant's term and discharged him. Under these circumstances, we conclude that DOCCS's confinement of claimant after October 7, 2009 was privileged, necessitating the dismissal of his claim (*see id.* at 1290; *Hudson v State of New York*, 115 AD3d at 1022-1023).

Egan Jr., J.P., Rose, Clark and Mulvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and claim dismissed.

---

* We note that at oral argument, defendant's counsel candidly acknowledged that DOCCS changed its policy in 2014 to take affirmative steps to review a local commitment order after an inmate is returned to state custody from a local jail.