Matter of Rembert v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 04811)





Matter of Rembert v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 04811


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]In the Matter of DEREK REMBERT, 
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: May 8, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.

 

Derek Rembert, Dannemora, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Melkonian, J.), entered July 7, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating petitioner's jail time credit.
In 2007, petitioner was sentenced to an aggregate prison term of four years followed by five years of postrelease supervision stemming from his conviction of, among other things, attempted robbery in the second degree. On December 17, 2009, petitioner was released to postrelease supervision with a remaining portion of his maximum prison term held in abeyance until successful completion of postrelease supervision or his return to custody.
In October 2010, petitioner was declared delinquent. On or about December 6, 2010, petitioner was arrested on charges in Kings County. On December 6, 2011, while the Kings County charges were still pending, a final revocation hearing resulted in petitioner being restored to postrelease supervision the following day. Initially, respondent credited petitioner's 2007 sentence with the 366 days of jail time given the period of time that petitioner had spent in custody from December 6, 2010 through December 6, 2011. Thereafter, on February 21, 2012, petitioner was sentenced on his conviction of the Kings County charges to seven concurrent prison terms of 15 years, followed by five years of postrelease supervision, to run consecutively to the 2007 sentence [FN1]. Respondent applied 462 days of jail time credit for the period of [*2]December 2, 2010 through March 7, 2012 against the calculation of the February 2012 sentence. Because the 366 days of jail time credit could not be added to both the 2007 sentence and the 2012 sentence, respondent recalculated the 2007 sentence to remove the 366 days previously credited thereto.
In 2016, the City of New York Department of Correction (hereinafter NYDOC) amended petitioner's jail time credit in connection with his February 2012 sentence by excluding 76 days between December 7, 2011 (the date when petitioner resumed his postrelease supervision) and February 21, 2012 (the date that the first 2012 sentence was imposed), resulting in a reduction of the total jail time credit from 462 days to 386 days. Petitioner commenced this CPLR article 78 proceeding challenging the calculation of his jail time credit on the 2007 sentence. Following joinder of issue, Supreme Court dismissed the petition. Petitioner now appeals.
We affirm. Pursuant to Penal Law § 70.40 (3) (c), the time a person spends in custody from the time of delinquency to the time that his or her sentence resumes will be credited against the term or maximum term of the interrupted sentence. However, where "such custody arose from an arrest on another charge which culminated in a conviction, . . . if a sentence of imprisonment was imposed, the credit allowed shall be limited to the portion of the time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction" (Penal Law § 70.40 [3] [c] [iii]). Petitioner was initially credited with 366 days of jail time toward his 2007 sentence, which reduced both the prison time held in abeyance and the time owed on the postrelease supervision. NYDOC, however, certified that 462 days of jail time credit — which included the 366 days credited toward the 2007 sentence — were to be credited toward the February 2012 sentence. As a result, respondent, which is bound by the terms of a jail time certificate (see Matter of McLamb v Fischer, 70 AD3d 1090, 1091 [2010]), properly adjusted petitioner's 2007 sentence in compliance with Penal Law § 70.40 (3) (c) (iii) and did not, as urged by petitioner, improperly extend his 2007 sentence (see Matter of Davidson v State of N.Y. Dept. of Correctional Servs., 53 AD3d 741, 742-743 [2008], lv denied 11 NY3d 706 [2008]; Matter of Washington v Dennison, 42 AD3d 830, 831 [2007]).
Regarding the 2016 amendment by NYDOC that reduced petitioner's jail time credit on the February 2012 sentence by 76 days, respondent explained that the 76 days of jail time credit was applied to petitioner's 2007 sentence inasmuch as his 2007 sentence resumed running on December 7, 2011, when he was restored to postrelease supervision until such time as he was sentenced in February 2012. As such, that same period could not be applied toward the February 2012 sentence (see Penal Law § 70.30 [3]; Matter of Maldonado v Howard, 148 AD3d 1501, 1502 [2017], lv denied 29 NY3d 916 [2017]).
Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: In July 2012, petitioner was also sentenced to 1½ to 3 years on an assault conviction in Bronx County that was to run consecutively to the February 2012 sentence. This July 2012 sentence has no bearing on the outcome of the issue presented herein.