Gonzalez v State of New York (2018 NY Slip Op 06721)





Gonzalez v State of New York


2018 NY Slip Op 06721


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-01103

[*1]Jonathan Gonzalez, appellant, 
v
State of New York, respondent. (Claim No. 127132)


Bennet Goodman, Bronxville, NY (Andrew L. Goodman of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Steven C. Wu and Linda Fang of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for false imprisonment, the claimant appeals from an order of the Court of Claims (Alan C. Marin, J.), dated November 21, 2016. The order denied the claimant's motion for summary judgment on the issue of liability and granted the State of New York's cross motion for summary judgment dismissing the claim.
ORDERED that the order is affirmed, with costs.
On July 25, 2014, the claimant, then a parolee under the supervision of the New York State Department of Corrections and Community Supervision (hereinafter DOCCS), was arrested and detained for a parole violation. He requested a preliminary hearing, which was scheduled for August 11, 2014, but the hearing officer adjourned the hearing on that date because DOCCS was not prepared to proceed due to the unavailability of the claimant's parole officer. The hearing officer adjourned the hearing until August 13, 2014, which she stated was "the 15th day," relying on an incorrect recording of the date the claimant's warrant was executed. The hearing officer indicated on August 11 that the warrant would be vacated if DOCCS was not prepared to proceed on August 13. The claimant's counsel did not object to the adjournment or dispute the hearing officer's calculation that August 13 was "the 15th day."
Pursuant to Executive Law § 259-i(3)(c)(i) and (iv), a parole revocation hearing must occur within 15 days from the execution of the parole warrant. There is no dispute that the preliminary hearing, which occurred on August 13, 2014, was not held within the 15-day period specified by Executive Law § 259-i(3)(c). The claimant's counsel objected that the proceeding was untimely, but the hearing officer did not rule on the objection, stating that she was without authority to vacate the warrant on that basis and that the claimant's counsel could make her record for a writ of habeas corpus. Thereafter, the hearing officer found probable cause to hold the claimant for a final revocation hearing, and, at the final revocation hearing, the claimant entered a plea of guilty to violating a condition of his parole. The claimant was given a 12-month time assessment and ordered to participate in a substance abuse treatment program.
The claimant thereafter petitioned for a writ of habeas corpus based on the untimeliness of the preliminary hearing. The State acknowledged the error and agreed that the claimant was entitled to an order vacating the parole warrant and restoring him to parole supervision. In an order dated December 12, 2014, the Supreme Court, Franklin County, granted the petition and [*2]directed the claimant's release from incarceration to parole supervision. Thereafter, the claimant was released from custody.
As is relevant to this appeal, the claimant alleges false imprisonment. Thereafter, the claimant moved for summary judgment on the issue of liability. The State opposed the claimant's motion and cross-moved for summary judgment dismissing the claim, on the ground that its actions were privileged and thus cloaked with immunity. In an order dated November 21, 2016, the Court of Claims denied the claimant's motion and granted the State's cross motion. The claimant appeals.
In order to prevail on a claim seeking to recover damages for false imprisonment, a claimant must prove that: (1) the defendant intended to confine the claimant; (2) the claimant was aware of the resulting confinement; (3) the claimant did not consent to the confinement; and (4) the confinement was not otherwise privileged (see Broughton v State of New York, 37 NY2d 451, 456).
Here, the State established its prima facie entitlement to judgment as a matter of law by submitting evidence that the confinement was privileged. The State demonstrated that the claimant was arrested pursuant to a facially valid parole warrant and that the short delay in holding the preliminary hearing was not due to misconduct or malfeasance (see Hudson v State of New York, 115 AD3d 1020, 1022-1023; Washington-Herrera v Town of Greenburgh, 101 AD3d 986, 988). In opposition, the claimant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Court of Claims' determination to grant the State's cross motion and deny the claimant's motion.
In light of our determination, we need not reach the claimant's remaining contention.
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court