■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT BATSFORD, Appellant, v STATE OF NEW YORK DIVISION OF PAROLE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Lee, Jr., J.), entered May 18, 1982 in Chenango County, which denied petitioner's application for a writ of habeas corpus, without a hearing. Petitioner is incarcerated at Camp Pharsalia Correctional Facility serving concurrent sentences of 1½ to 3 years for the crime of grand larceny in the third degree committed while he was on parole and the time owed on his original 1978 sentence which was one year and 24 days. In this *pro se* proceeding for a writ of habeas corpus, petitioner claims that he is improperly held because his conditional release date was improperly computed by the Parole Board and the Department of Correction. Special Term denied the writ without a hearing on the ground petitioner was being held in accordance with a lawful sentence. This appeal ensued. There should be an affirmance. Special Term properly denied petitioner's application for a writ of habeas corpus. The petition on its face fails to meet the requirements of CPLR 7003 (subd [a]) since it does not allege facts showing that petitioner is being illegally detained (*People ex rel. World v Jones,* 88 AD2d 1096). On the face of the petition, petitioner will not be eligible for conditional release until February 2, 1983. He will not be eligible for parole release consideration until April, 1983, and his sentence will not expire until June 12, 1984. Petitioner's conditional release date was properly computed.

The computation is based on the three-year maximum sentence since it has the longest period to run and is, therefore, the controlling sentence (*Matter of Kalamis v Smith,* 42 NY2d 191, 196). His claim that he received a sentence for a definite term of imprisonment from the Parole Board which merged with the later indeterminate sentence is erroneous since the Parole Board did not give relator a term of one year and 24 days. His only terms of imprisonment were those imposed by the sentencing courts. The one-year and 24-day period merely represented the undischarged portion of indeterminate County Court sentences imposed in 1978. Petitioner received no definite sentences and section 70.35 of the Penal Law is inapplicable. Further, the petition fails to allege facts which would support his claim of constitutional deprivation. Under the circumstances presented, the writ of habeas corpus is unavailable in the absence of a showing of practicality and necessity for its issuance (*People ex rel. Keitt v McMann,* 18 NY2d 257; see *People ex rel. Harrison v Coombe,* 89 AD2d 1026). Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.