■ In the Matter of the STATE OF NEW YORK, Appellant-Respondent, v ANTHONY CUEVAS, Respondent-Appellant. [853 NYS2d 798]—

Memorandum: Petitioner commenced this proceeding seeking, inter alia, an order directing that respondent, an inmate convicted of a sex offense who at that time was in the custody of the New York State Department of Correctional Services and was scheduled to be released within a few days, be involuntarily hospitalized at a psychiatric center (*see* Mental Hygiene Law § 10.06 [a]). Respondent then sought a writ of habeas corpus, alleging in his petition that he was being detained in involuntary protective custody past the date on which his sentence was completed. By the judgment on appeal, Supreme Court, inter alia, directed that respondent and similar persons who have been held past their maximum release dates at Mid-State Correctional Facility (Mid-State) pursuant to article 10 of the Mental Hygiene Law be afforded the same rights as inmates held in the long-term protective custody unit in Building 10-2 at Mid-State. We note at the outset that, subsequent to the issuance of the judgment on appeal, respondent consented to confinement in a secure mental health facility and is no longer detained at Mid-State. Nevertheless, we agree with both parties that the appeal is not moot because the judgment applies to re-

spondent and to persons similarly situated at Mid-State, and petitioner's rights continue to be affected by the judgment. Moreover, "this is the kind of case that falls within the exception [to the mootness doctrine] in that it is likely to recur, will typically evade review, and is substantial and novel" (*Mental Hygiene Legal Servs. v Ford*, 92 NY2d 500, 506 [1998]).

We further note that respondent also sought an order "requiring Mid-State Correctional Facility to create the least restrictive setting on [its] campus to house individuals in similar circumstances to [respondent] normally during the pendency of the probable cause hearing [pursuant to Mental Hygiene Law article 10] having taken place." We therefore convert respondent's habeas corpus proceeding to a declaratory judgment action (*see* CPLR 103 [c]; *People ex rel. Padilla v Rodriguez*, 145 AD2d 922 [1988]).

With respect to petitioner's appeal, we conclude that the court exceeded its authority in determining that respondent and all other sex offenders detained at Mid-State after the expiration of their sentences pursuant to article 10 of the Mental Hygiene Law must be afforded the same conditions as those inmates held in long-term protective custody in Building 10-2 at Mid-State. Persons such as respondent who are placed in protective custody by prison administrators are subject to the conditions of confinement set forth in the protective custody regulations issued by the Department of Correctional Services (*see* 7 NYCRR 330.4; *see also* 7 NYCRR 301.5). Thus, we agree with respondent that, because he was placed in protective custody, he was entitled to the "[c]onditions of confinement" set forth in 7 NYCRR 330.4, and we grant judgment accordingly. Nevertheless, petitioner is correct that the conditions of confinement for inmates in Building 10-2 are more favorable than those required by the regulations applicable to protective custody inmates. Because prison administrators have broad discretion to determine, based upon security concerns, whether persons such as respondent should be afforded the less restrictive conditions in Building 10-2 (*see generally Matter of Rivera v Smith*, 63 NY2d 501, 512-513 [1984]), we agree with petitioner that prison administrators have discretion to place a person eligible for protective custody in administrative segregation, a more restrictive placement, where such placement is "required for the security of the facility and the safety of the [detained person]" (*Matter of Rifkin v Goord*, 273 AD2d 878, 879 [2000]). We therefore further grant judgment accordingly.

Finally, we conclude with respect to the cross appeal of respondent that, based on his consent to confinement in a secure

mental health facility, he is no longer aggrieved by the judgment and his cross appeal therefore must be dismissed (*see* CPLR 5511). Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.