*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016                521148
_____

THE PEOPLE OF THE STATE OF
   NEW YORK ex rel. WILLIAM
   GREEN,
                    Appellant,
        v                                 OPINION AND ORDER

SUPERINTENDENT OF SULLIVAN
   CORRECTIONAL FACILITY
   et al.,
                    Respondents.
_____

Calendar Date:   November 24, 2015

Before:  Garry, J.P., Rose, Lynch, Devine and Clark, JJ.

_____

        Center for Appellate Litigation, New York City (Jill K.
Sanders of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondents.

_____

Lynch, J.

        Appeal from a judgment of the Supreme Court (LaBuda, J.),
entered April 27, 2015 in Sullivan County, which denied
petitioner's application for a writ of habeas corpus, in a
proceeding pursuant to CPLR article 70, without a hearing.

        In 2013, petitioner was convicted of attempted sexual abuse
in the first degree, unlawful imprisonment in the second degree
(two counts), endangering the welfare of a child and public
lewdness and was sentenced to three years in prison, followed by
seven years of postrelease supervision (hereinafter PRS).  He was

subsequently adjudicated a risk level III sexually violent offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). It is not disputed that petitioner was not released either on his conditional release date or on February 17, 2015, his maximum expiration date. In March 2015, he commenced this habeas corpus proceeding challenging his continued incarceration at Sullivan Correctional Facility, a maximum security facility (see 7 NYCRR 100.117). Supreme Court denied the application on the grounds that petitioner had not secured suitable housing in light of his status as a risk level III sex offender (see Executive Law § 259-c), and that petitioner's release to a residential treatment facility (hereinafter RTF) (see Penal Law § 70.45 [3]) was dependent upon pending medical clearance by the Office of Mental Health. Petitioner now appeals.

In October 2015, during the pendency of this appeal, Supreme Court issued an order directing petitioner to receive and accept assisted outpatient treatment pursuant to Mental Hygiene Law § 9.60, and he was released from Sullivan Correctional Facility to an approved residence. Accordingly, because petitioner is no longer in custody, we agree with respondents that his petition seeking a writ of habeas corpus is moot (see People ex rel. Lashway v Wenderlich, 118 AD3d 1199, 1200 [2014]). We find, however, that the issue presented – whether respondent Department of Corrections and Community Supervision (hereinafter DOCCS) was authorized to retain petitioner in a maximum security facility past his maximum expiration date – is significant, will typically evade appellate review and is likely to recur given the prevalence of mental health issues among the state's prison population and the recognized difficulty in securing acceptable housing for risk level III sex offenders. As such, we conclude that the exception to the mootness doctrine applies (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Matter of Lopez v Evans, 25 NY3d 199, 204 n 3 [2015]). Because petitioner no longer requires relief pursuant to CPLR article 70, we will convert the proceeding to an action for declaratory judgment (see CPLR 103 [c]; People ex rel. Delia v Munsey, 26 NY3d 124, 129 n 2 [2015]; People ex rel. McManus v Horn, 18 NY3d 660, 663-664 n 2 [2012]; Matter of State of New York v Cuevas, 49 AD3d 1324, 1326 [2008]).

There is no dispute here that, due to petitioner's status as a risk level III sex offender, his release was subject to the mandatory condition that he have suitable housing located more than 1,000 feet from school grounds (see Executive Law § 259-c [14]; People v Diack, 24 NY3d 674, 681 [2015]). Further, petitioner concedes that the Board of Parole (hereinafter the Board) was authorized to order, on January 15, 2015, that he be transferred to an RTF (see Penal Law § 70.45 [3]; Correction Law § 73 [10]). In response to the petition, respondents explain that petitioner was assigned, but never actually transferred, to Woodbourne Correctional Facility, an RTF, due to an unspecified mental health condition.[1] Accordingly, there is no dispute that petitioner remained confined in a maximum security correctional facility for more than eight months past the expiration of his three-year determinate sentence. Respondents provide no convincing authority for this unilateral decision, nor do we discern any.

We have previously held that the Board has discretion to deny parole release to an inmate who has not secured an approved residence on his or her conditional release date (see Matter of Boss v New York State Div. of Parole, 89 AD3d 1265, 1266 [2011]). In contrast, we recently held that DOCCS does not have the authority to retain an inmate beyond the inmate's maximum expiration date in order to finalize the terms of PRS, because it was conclusively bound by the sentence and commitment order (Miller v State of New York, 124 AD3d 997, 999 [2015]). In Miller, however, the inmate was convicted of a drug-related

---

[1] The record includes conflicting affidavits indicating that petitioner was transferred to an RTF and that he was not transferred because the proposed RTF could not accommodate his purported mental health needs. Woodbourne Correctional Facility is a medium security correctional facility used for confinement and as an RTF (see 7 NYCRR 100.50). Respondents do not explain why petitioner could not be transferred to another RTF (see generally 7 NYCRR part 100), in particular, Mid-State Correctional Facility, which is classified as an RTF "to temporarily house certain parolees in accordance with [Correction Law § 73 (10)]" (7 NYCRR 100.111).

charge and, thus, was not subject to the Sex Offender Registration Act residency mandate. Under the circumstances presented, we find that when a risk level III sex offender reaches his or her maximum expiration date, DOCCS must release the individual to either an approved residence or to an RTF. Where an individual needs mental health treatment not otherwise available at an RTF, DOCCS must, prior to the release date, seek a court order authorizing continued hospitalization pursuant to Mental Hygiene Law article 9 or admission to a secure detention facility pursuant to Mental Hygiene Law article 10 (see Correction Law § 404).

We reject respondents' argument that DOCCS was statutorily authorized to continue petitioner's incarceration even throughout the entire PRS period if an approved residence could not be located. A person released to PRS remains "in the legal custody of [DOCCS]" (Executive Law § 259-i [2] [b]), but the term "legal custody" is expressly distinct from "imprisonment in the custody of [DOCCS]" (id.; see e.g. People v Brown, 25 NY3d 247, 250 [2015]). Moreover, respondents' interpretation conflicts with Executive Law § 259-c (14), which authorizes a transfer to an RTF of a person "released" and subject to a period of PRS. We also recognize that Correction Law § 112 empowers DOCCS with extensive authority to manage and control a person's release into the community, but the statute makes a specific distinction between inmates confined in a correctional facility (see Correction Law § 112 [1]) and persons released on community supervision (see Correction Law § 112 [2]).

We are mindful that the dilemma presented is no doubt a consequence of the difficulty in finding acceptable housing for sex offenders (see People v Diack, 24 NY3d at 682-684). Public safety unquestionably remains the primary concern in the management of sex offenders, but the "accepted wisdom in the criminal justice community and among experts that offenders are less likely to recidivate when they are provided with suitable housing and employment" is also recognized (Governor's Mem approving L 2008, ch 568, 2008 McKinney's Session Laws of NY at 1668; see 9 NYCRR 8002.7 [c], [e]). Accordingly, we reiterate that, although petitioner is obligated to identify suitable housing, DOCCS remains statutorily obligated to assist in the

process (see Correction Law §§ 201 [5]; 203 [1]; Executive Law § 243 [4]; 9 NYCRR 365.3 [d] [5]; 8002.7 [d] [5]).

Garry, J.P., Rose, Devine and Clark, JJ., concur.


ORDERED that the judgment is reversed, on the law, without costs, proceeding converted to an action for declaratory judgment and it is declared that where a person's sentence has expired and his or her release is subject to the mandatory condition set forth in Executive Law § 259-c (14), that person must be released to either suitable housing or a residential treatment facility pursuant to Penal Law § 70.45 (3) and Correction Law § 73 (10) or be subject to the provisions of Correction Law § 404.


ENTER:

Robert D. Mayberger
Clerk of the Court