People ex rel. McCurdy v Warden, Westchester County Corr. Facility (2018 NY Slip Op 05777)





People v Warden, Westchester County Corr. Facility


2018 NY Slip Op 05777


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-01838
 (Index No. 3585/15)

[*1]The People of the State of New York, ex rel., Chance McCurdy, petitioner- respondent, 
v
Warden, Westchester County Correctional Facility, etc., respondent, New York State Department of Corrections and Community Supervision, respondent-appellant.


Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta, Holly A. Thomas, Karen W. Lin, and Ester Murdukhayeva of counsel), for respondent-appellant.
The Legal Aid Society, New York, NY (Elon Harpaz of counsel), for petitioner-respondent.



DECISION & ORDER
In a habeas corpus proceeding, which was converted into a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Corrections and Community Supervision, which placed the petitioner, a level three sex offender, in a residential treatment facility during the period of his postrelease supervision, the New York State Department of Corrections and Community Supervision appeals from a judgment of the Supreme Court, Westchester County (Barbara Gunther Zambelli, J.), dated January 11, 2016. The judgment granted the petition to the extent of directing the New York State Department of Corrections and Community Supervision to arrange for the petitioner's transfer to the Queensboro Correctional Facility and to assign him to a wait list for a New York City Department of Homeless Services facility that is compliant with the requirements of the Sexual Assault Reform Act.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.
In 2014, the petitioner was convicted of attempted sexual abuse in the first degree and was sentenced to three years in prison, followed by five years of postrelease supervision. By the time the petitioner was received into state custody, he had already accrued sufficient time in a local jail to satisfy the full determinate term of his three-year sentence. He was subsequently adjudicated a level three sex offender pursuant to the Sex Offender Registration Act (hereinafter SORA) (see Correction Law art 6-C). While residing in the community, the petitioner violated his curfew, and his postrelease supervision status was revoked. As an alternative to incarceration, the Department of Corrections and Community Supervision (hereinafter DOCCS) agreed to re-release the petitioner to postrelease supervision upon his successful completion of a 90-day DOCCS drug treatment program. However, upon the petitioner's completion of the program, he failed to identify any housing that complied with the requirement of the Sexual Assault Reform Act (hereinafter SARA) that level three sex offenders reside more than 1,000 feet from any school grounds (see Executive Law § 259-c[14]; Penal Law § 220.00[14][b]; People v Diack, 24 NY3d 674, 681-[*2]682; People ex rel. Green v Superintendent of Sullivan Corr. Facility, 137 AD3d 56, 58; Matter of Williams v Department of Corr. and Community Supervision, 136 AD3d 147, 151). As a result, DOCCS placed the petitioner in a DOCCS residential treatment facility at the Fishkill Correctional Facility and thereafter at an residential treatment facility at the Queensboro Correctional Facility.
In October 2015, while residing at the Queensboro Correctional Facility, the petitioner was arrested on a parole warrant for violating the terms of his postrelease supervision by absconding from a community work program and was thereafter incarcerated in the Westchester County Correctional Facility. In November 2015, the petitioner commenced a habeas corpus proceeding challenging his incarceration at the Westchester County Correctional Facility pending a final parole revocation hearing. The petitioner contended that his violation of his postrelease supervision while residing at the Queensboro Correctional Facility was a nullity because DOCCS lacked authority under SARA, Correction Law § 73(10), or Penal Law § 70.45(3) to place him in a residential treatment facility upon his completion of the DOCCS drug treatment program. The Supreme Court, based upon its determination that the petitioner was not entitled to immediate release given the petitioner's lack of community-based SARA-compliant housing, converted the writ to a proceeding pursuant to CPLR article 78, and granted the petition to the extent of directing DOCCS to arrange for the petitioner's transfer to the Queensboro Correctional Facility and to assign him to a wait list for a New York City Department of Homeless Services facility that is compliant with the requirements of SARA. DOCCS appeals, and we reverse.
To resolve the issues raised in this case, we turn to "familiar principles of statutory construction" (Matter of County of Orange [A1 Turi Landfill, Inc.], 75 AD3d 224, 234). " Statutes which relate to the same subject matter must be construed together unless a contrary legislative intent is expressed'" (Matter of County of Orange [A1 Turi Landfill, Inc.], 75 AD3d at 234, quoting Matter of Dutchess County Dept. of Social Servs. v Day, 96 NY2d 149, 153). "The courts must harmonize the various provisions of related statutes and . . . construe them in a way that renders them internally compatible'" (Matter of County of Orange [A1 Turi Landfill, Inc.], 75 AD3d at 234, quoting Matter of Aaron J., 80 NY2d 402, 407). "In the case of a conflict between a general statute and a special statute governing the same subject matter, the general statute must yield" (Matter of County of Orange [A1 Turi Landfill, Inc.], 75 AD3d at 234; see Matter of Brusco v Braun, 84 NY2d 674, 681). "Finally, [a] construction rendering statutory language superfluous is to be avoided'" (Matter of County of Orange [A1 Turi Landfill, Inc.], 75 AD3d 234, quoting Matter of Branford House v Michetti, 81 NY2d 681, 688).
Applying these principles here, no conflict arises between the three statutes at issue regarding DOCCS's authority to place the petitioner, a level three sex offender, into a residential treatment facility housing pending his identification of SARA-compliant community housing during the period of his postrelease supervision. By its terms, Penal Law § 70.45(3) permits DOCCS to require an offender subject to a term of postrelease supervision to spend the first six months of his or her postrelease supervision in residential treatment facility housing as a transitional period prior to re-entry into the community.
The six-month limitation on residential treatment facility housing imposed by Penal Law § 70.45(3) does not conflict with, or limit, the application of DOCCS's authority under Correction Law § 73(10) "to use any residential treatment facility as a residence for persons who are on community supervision." The term "community supervision" is defined as "the supervision of individuals released into the community on temporary release, presumptive release, parole, conditional release, post release supervision or medical parole" (Correction Law § 2[31]).
Thus, construing the relevant statutes together, DOCCS has authority to temporarily place a level three sex offender who has already completed more than six months of his or her postrelease supervision, as did the petitioner in this case, into residential treatment facility housing in the event such offender is unable to locate SARA-compliant community housing. Moreover, it is clear that DOCCS's authority to keep such an offender in residential treatment facility housing ends when the offender successfully identifies or otherwise obtains SARA-compliant community housing.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court