People ex rel. Ortiz v Breslin (2020 NY Slip Op 02618)





People v Breslin


2020 NY Slip Op 02618


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-12137

[*1]The People of the State of New York, ex rel. Angel Ortiz, appellant,
v
Dennis Breslin, etc., et al., respondents. (S.P. No. 113/18)


Janet E. Sabel, New York, NY (Will A. Page of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Ester Murdukhayeva of counsel), for respondent.



DECISION & ORDER
In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Queens County (John B. Latella, J.), dated September 5, 2018. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
In 2008, the petitioner was convicted, upon his plea of guilty, of robbery in the first degree and attempted sexual abuse in the first degree, and sentenced to a term of imprisonment of 10 years to be followed by 5 years of postrelease supervision (hereinafter PRS). Subsequently, the petitioner was designated a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law article 6-C).
The petitioner, whose maximum expiration date for his term of imprisonment was March 4, 2018, became eligible for conditional release on September 28, 2016. However, the Department of Corrections and Community Supervision (hereinafter DOCCS) did not release the petitioner on that date due to his inability to find housing that complied with the requirement of the Sexual Assault Reform Act (L 2000, ch 1, § 8, as amended by L 2005, ch 544, § 2; hereinafter SARA) that level three sex offenders reside more than 1,000 feet from any school grounds (see Executive Law § 259-c[14]; Penal Law § 220.00[14]; see also People v Diack, 24 NY3d 674, 682). Ultimately, on March 4, 2018, DOCCS released the petitioner to PRS and placed him into a residential treatment facility (see Correction Law § 2[6]) until he could locate housing that complied with SARA.
On June 25, 2018, the petitioner commenced this habeas corpus proceeding pursuant to CPLR article 70 on the grounds, inter alia, that DOCCS's placement of him in a residential treatment facility during his period of PRS until he was able to locate housing that complied with SARA violated his right to substantive due process and constituted cruel and unusual punishment. In a judgment dated September 5, 2018, the Supreme Court, based upon its determination that the [*2]petitioner's continued placement at a residential treatment facility was proper pursuant to this Court's decision in People ex rel. McCurdy v Warden, Westchester County Corr. Facility (164 AD3d 692, lv granted 32 NY3d 1084), and otherwise was not unconstitutional as alleged, denied the petition and, in effect, dismissed the proceeding.
The petitioner appealed from the judgment directly to the Court of Appeals, which in turn transferred the appeal to this Court. In the interim, on November 7, 2018, DOCCS released the petitioner to SARA-compliant housing.
As a threshold matter, we find that this appeal should not be dismissed as academic despite the petitioner's release from a residential treatment facility. The issues raised by this appeal—whether DOCCS's use of its authority pursuant to Correction Law § 73(10) to place level three sex offenders into a residential treatment facility during their period of PRS unless and until they are able to locate SARA-compliant housing violates substantive due process and constitutes cruel and unusual punishment—are important issues that are likely to arise in other cases but also likely to evade review (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; see also Matter of Williams v Department of Corr. & Community Supervision, 136 AD3d 147, 149-150).
Turning to the merits, pursuant to Penal Law § 70.45(3), DOCCS is authorized to "impose as a condition of post-release supervision that for a period not exceeding six months immediately following release from the underlying term of imprisonment the person be transferred to and participate in the programs of a residential treatment facility" (see People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 164 AD3d at 694). Separately, pursuant to Correction Law § 73(10), DOCCS is permitted "to use any residential treatment facility as a residence for persons who are on community supervision," which includes individuals subject to PRS (see People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 164 AD3d at 694, citing Correction Law § 2[31]).
In People ex rel. McCurdy, construing the foregoing statutory provisions together with Executive Law § 259-c(14), this Court held that "DOCCS has authority to temporarily place a level three sex offender who has already completed more than six months of his or her postrelease supervision . . . into residential treatment facility housing in the event such offender is unable to locate SARA-compliant community housing" (People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 164 AD3d at 694). In so holding, this Court stressed that "it is clear that DOCCS's authority to keep such an offender in residential treatment facility housing ends when the offender successfully identifies or otherwise obtains SARA-compliant community housing" (id. at 694-695). Contrary to the petitioner's contention, DOCCS's use of its authority pursuant to Correction Law § 73(10) in that manner does not violate substantive due process or constitute cruel and unusual punishment.
Similar to parole release, PRS, which is "part of the determinate sentence" (People v Catu, 4 NY3d 242, 244 [internal quotation marks omitted]), is "a restricted form of liberty" (People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 174 AD3d 992, 994 [internal quotation marks omitted]) allowing for the imposition of "reasonable residential restrictions" (id. at 994; see Penal Law § 70.45[3]; see also People v Catu, 4 NY3d at 245; People v Harnett, 72 AD3d 232, 236, affd 16 NY3d 200). Thus, contrary to the petitioner's contention, he has no fundamental right to be free from special conditions of PRS regarding his residence under either the Federal or State Constitution (see People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 174 AD3d at 994). As such, DOCCS's use of its authority pursuant to Correction Law § 73(10) to place a level three sex offender into residential treatment facility housing during his or her period of PRS until he or she is able to locate SARA-compliant community housing will satisfy substantive due process "so long as it is rationally related to any conceivable legitimate [s]tate purpose" (People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 174 AD3d at 994 [internal quotation marks omitted]).
In that regard, the purpose of the SARA residency restriction is to protect children from the risk of recidivism by certain convicted sex offenders by keeping those offenders at a [*3]distance from school children (see id.). Here, DOCCS reasonably concluded that in circumstances where a sex offender subject to SARA is unable to locate SARA-compliant housing, DOCCS may use its authority under Correction Law § 73(10) to place such offender into residential treatment facility housing during his or her period of PRS until he or she is able to locate SARA-compliant housing in order to accomplish the aim of keeping such offenders at a distance from school children. Thus, the challenged conduct of DOCCS comports with substantive due process.
Moreover, contrary to the petitioner's contention, residential treatment facility housing, by definition, is not an extension of imprisonment (compare Correction Law § 2[4][a], with Correction Law § 2[6]; see generally Matter of Gonzalez v Annucci, 32 NY3d 461, 475). Thus, DOCCS's use of its authority under Correction Law § 73(10) to place a level three sex offender into residential treatment facility housing during his or her period of PRS until he or she is able to locate SARA-compliant community housing, in order to accomplish the aim of SARA rather than to further punish such an offender, does not constitute cruel and unusual punishment (see generally People ex rel. Green v Superintendent of Sullivan Corr. Facility, 137 AD3d 56, 59). To the extent the petitioner argued before the Supreme Court that the conditions at the particular residential treatment facility at which he was housed were equivalent to those of a prison (see Alcantara v Annucci, 55 Misc 3d 1216[A], 2017 NY Slip Op 50610[U] [Sup Ct, Albany County]), the court did not reach this contention, and he has not raised it on appeal.
Finally, the petitioner's contention that the challenged conduct of DOCCS violated his right to procedural due process was not raised in the petition and therefore is not properly before this Court.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court