People ex rel. Williams v Keyser (2021 NY Slip Op 03234)





People ex rel. Williams v Keyser


2021 NY Slip Op 03234


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

532312
[*1]The People of the State of New York ex rel. Kasiem Williams, Appellant,
v
William Keyser, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date:April 16, 2021

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Kasiem Williams, Alden, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Schick, J.), entered September 2, 2020 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is an inmate serving a prison sentence upon his conviction for manslaughter in the first degree, eligible for parole in 2031 (People v Williams, 103 AD3d 1128 [2013], lv denied 21 NY3d 915 [2013]). In July 2020, while confined at Sullivan Correctional Facility (hereinafter SCF), petitioner filed a petition for a writ of habeas corpus seeking his immediate release, asserting that he is being subjected to unsafe and unhealthy conditions at SCF due to the COVID-19 pandemic. He alleged that his underlying health conditions placed him at increased risk if infected with the novel coronavirus responsible for causing COVID-19, and that his continued confinement at SCF violated his constitutional rights. Respondent moved to dismiss, contending that petitioner was not entitled to immediate release. Supreme Court denied the application, on the merits, based upon our decision in People ex rel. Carroll v Keyser (184 AD3d 189 [2020]). Petitioner appeals.
The Attorney General has advised this Court that, while petitioner's appeal was pending, he was transferred to a different correctional facility to continue serving his sentence. Although petitioner remains incarcerated, he is no longer housed at SCF or subject to the conditions at that facility, which he contends are unconstitutional, and he is not in the custody of SCF's superintendent, the sole named respondent. As such, his appeal is now moot and must be dismissed (see People ex rel. Gentry v Apple, 175 AD3d 1679, 1680 [2019], lv denied 34 NY3d 912 [2020]; People ex rel. Kearney v Bartlett, 131 AD3d 1313, 1314 [2015]). The exception to the mootness doctrine does not apply, as the issues regarding the conditions at SCF during the pandemic have not evaded review (see Matter of Bezio v Dorsey, 21 NY3d 93, 100 [2013]; see e.g. People ex rel. Figueroa v Keyser, ___ AD3d ___, ___, 2021 NY Slip Op 02035, *2 [2021]; People ex rel. Carroll v Keyser, 184 AD3d at 193-196).
Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, without costs.