People ex rel. Welikson v Cronin (2022 NY Slip Op 00753)





People ex rel. Welikson v Cronin


2022 NY Slip Op 00753


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, AND BANNISTER, JJ.


31 KAH 20-01014

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. BENJAMIN WELIKSON, ESQ., ON BEHALF OF DAWSON SHARPE, PETITIONER-APPELLANT,
v
S. CRONIN, SUPERINTENDENT GROVELAND CORRECTIONAL FACILITY, AND ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. 






PATRICIA PAZNER, NEW YORK CITY (BENJAMIN WELIKSON OF COUNSEL)), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an amended judgment (denominated amended order) of the Supreme Court, Livingston County (Thomas E. Moran, J.), entered June 23, 2020 in a habeas corpus proceeding. The amended judgment dismissed the petition. 
It is hereby ORDERED that the amended judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this habeas corpus proceeding seeking the immediate release of Dawson Sharpe from the custody of the New York State Department of Corrections and Community Supervision (DOCCS) on the ground, inter alia, that he was being unlawfully held beyond the date of his conditional release upon a request from United States Immigration and Customs Enforcement (ICE) officials. Before the return date of the writ, Sharpe was released from DOCCS's custody to ICE's custody. Supreme Court dismissed the petition as moot. Contrary to petitioner's contention, the court did not improvidently exercise its discretion in declining to invoke the exception to the mootness doctrine (see Matter of Kirkland v Annucci, 150 AD3d 736, 738 [2d Dept 2017], lv denied 29 NY3d 918 [2017]). The exception to the mootness doctrine applies where the issue to be decided "(1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see City of New York v Maul, 14 NY3d 499, 507 [2010]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). While we agree with petitioner that the issue raised here will typically evade review in the courts, the issue raised is not novel. Indeed, the Second Department addressed this precise issue and concluded that "New York state and local law enforcement officers are not authorized by New York law to effectuate arrests for civil law immigration violations" (People ex rel. Wells v DeMarco, 168 AD3d 31, 34 [2d Dept 2018]), and that it is unlawful to retain a prisoner, who would otherwise be released, pursuant to an ICE detainer (see id. at 53). In addition, the issue is not likely to recur given respondents' concession on appeal that "DOCCS now acknowledges that, under . . . [Wells], it may not detain an individual solely to facilitate a transfer to federal immigration officials seeking to effectuate a final order of removal."
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court