People ex rel. Jones v Collado (2022 NY Slip Op 04768)

People ex rel. Jones v Collado

2022 NY Slip Op 04768

Decided on July 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 28, 2022

532465
[*1]The People of the State of New York ex rel. Lauren E. Jones, on Behalf of Guillemo Gorostiza, Appellant,
v
Jaifa Collado, as Superintendent of Shawangunk Correctional Facility, et al., Respondents.

Calendar Date:June 2, 2022

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ.

The Legal Aid Society, New York City (Laura E. Jones of counsel), for appellant.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Ulster County (Rounds, J.), entered September 14, 2020, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
In 2007, Guillemo Gorostiza was convicted of rape in the first degree and was sentenced to 13 years in prison, to be followed by five years of postrelease supervision. During his incarceration, Gorostiza became paralyzed and is required to use a wheelchair. As a result, Gorostiza was housed in a wheelchair-accessible unit at the Shawangunk Correctional Facility. Gorostiza was subsequently adjudicated a risk level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). As a result of this risk level designation and the age of the victim at the time the offense was committed, Gorostiza was subject to the Sexual Assault Reform Act (L 2000, ch 1, as amended by L 2005, ch 544 [hereinafter SARA]) and was prohibited from, among other things, residing within 1,000 feet of school grounds (see Executive Law § 259-c [14]; People v Diack, 24 NY3d 674, 681-682 [2015]). On May 24, 2020, Gorostiza reached his maximum release date, but he was not released because he was unable to locate suitable housing for sex offenders in New York City. Although Gorostiza was assigned to be released to Fishkill Correctional Facility, a residential treatment facility (hereinafter RTF) (see Penal Law § 70.45 [3]), he was not because the facility was not wheelchair accessible.
In July 2020, petitioner, on behalf of Gorostiza, filed a petition seeking a writ of habeas corpus, alleging that Gorostiza's continued detention past his maximum expiration date was unlawful. County Court dismissed the petition on the grounds that it was unsupported by an affidavit from Gorostiza or another individual having personal knowledge of the facts. Petitioner appeals.
During the pendency of this appeal, Gorostiza was released from Shawangunk Correctional Facility and is residing in SARA compliant housing. Accordingly, because Gorostiza is no longer in custody, habeas corpus relief is no longer available, and the petition is moot (see People ex rel. Morrison v Keyser, 196 AD3d 978, 979 [2021]; People ex rel. Williams v Keyser, 194 AD3d 1295, 1296 [2021]; Matter of Gonzalez v Annucci, 149 AD3d 256, 260 [2017], affd 32 NY3d 461 [2018]). However, because we find the circumstances presented here — where petitioner was retained at a maximum security facility past his maximum expiration date solely due to his physical disability — presents an issue which is significant, will typically evade appellate review, and is likely to recur, we find that the exception to the mootness doctrine applies (see Matter of Gonzalez v Annucci, 32 NY3d 461, 470 [2018]; People ex rel. Green v Superintendent of Sullivan Corr. Facility, 137 AD3d 56, 58 [2016]), and convert this CPLR article 70 proceeding to an action for declaratory judgment (see CPLR 103 [c]; People ex [*2]rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d 187, 196 [2020], cert denied ___ US ___, 142 S Ct 914 [2022]; People ex rel. Rivera v Superintendent, Woodbourne Corr. Facility, 200 AD3d 1370, 1371 [2021], lv granted 38 NY3d 1029 [2022]; People ex rel. Green v Superintendent of Sullivan Corr. Facility, 137 AD3d at 58).
Initially, we find that County Court erred in dismissing the habeas corpus petition for failure to submit an affidavit by Gorostiza or by someone having personal knowledge of the facts asserted therein. CPLR 7002 (a) specifically authorizes either the person illegally imprisoned or anyone acting on his or her behalf to petition a court for relief. The statute places no restriction on who may bring a petition on behalf of the person restrained (see Matter of Brevorka ex rel. Wittle v Schuse, 227 AD2d 969, 969 [1996]). The petition must be verified or, alternatively, the petitioner may state the substance of his or her claim by affidavit accompanying the petition (see CPLR 7002 [c]). Additionally, the petition should specify in detail the facts upon which the claim of illegal detention is based (see CPLR 7002 [c] [2]; People ex rel. Boyd v LeFevre, 92 AD2d 1042, 1042 [1983], lv denied 59 NY2d 604 [1983]; People ex rel. Batsford v State of New York Div. of Parole, 91 AD2d 1112, 1113 [1983], lv denied 58 NY2d 611 [1983]). There is no requirement that the petition must be accompanied by an affidavit by the incarcerated individual, and, because the alleged circumstances of Gorostiza's incarceration were set forth in the verified petition, the pleading requirements of CPLR 7002 were satisfied. Accordingly, County Court should not have dismissed the petition.
Turning to the merits, it is undisputed that, at the time that he reached his maximum expiration date, Gorostiza could not locate SARA compliant housing and was not transferred to an RTF. In response to the petition, respondents asserted that Gorostiza was to have been transferred to Fishkill Correctional Facility, an RTF, but that he was not actually transferred because Fishkill was not wheelchair accessible. On appeal, respondents contend that Gorostiza was assigned, but never transferred, to Green Haven Correctional Facility, a wheelchair-accessible RTF, because Gorostiza's placement there was deemed ill-advised due to an unspecified physical altercation with staff when he was previously housed there. Respondents have neither provided convincing authority for their decision not to release petitioner to an RTF, nor do we discern any in the record before us. Further, respondents' assertion that Gorostiza was in "RTF status" at Shawangunk because respondents provided him with a workbook associated with the nine-module therapeutic course for RTF participants, provided him access to the facility's resource room containing materials addressing employment and housing, and assigned a parole officer to him that he could meet with periodically is unpersuasive. [*3]As a result, petitioner remained confined in Shawangunk, a maximum-security correctional facility, for more than eight months past the expiration of his determinate sentence. This Court has previously held, and we reiterate, that "when a risk level three sex offender reaches his or her maximum expiration date, [the Department of Corrections and Community Supervision] must release the individual to either an approved residence or to an [appropriate] RTF" (People ex rel. Green v Superintendent of Sullivan Corr. Facility, 137 AD3d at 59).
Garry, P.J., Lynch and McShan, JJ., concur.
Egan Jr., J. (dissenting).
I agree with the majority that County Court erred in dismissing the petition for a writ of habeas corpus. Guillemo Gorostiza was a convicted felon being held by the State beyond the expiration of his maximum prison sentence. Instead of dismissing the petition, County Court should have held a hearing, with Gorostiza present, adduced testimony on the propriety of his continued confinement and then issued a decision on the merits. That did not happen. Because we now know that Gorostiza has been released from state custody, this appeal is moot.
The majority agrees, but nevertheless addresses the issues raised by petitioner as falling within the exception to the mootness doctrine. For that exception to apply, however, there must be: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; see Matter of Gonzalez v Annucci, 32 NY3d 461, 470 [2018]). Assuming, without deciding, that the first and second prongs of that test have been met, the third has not. I therefore perceive no basis for applying the exception to the mootness doctrine and would dismiss the appeal as moot.
It is settled law that the Department of Corrections and Community Supervision (hereinafter DOCCS) may temporarily place individuals in petitioner's position in a residential treatment facility (hereinafter RTF) until housing compliant with the Sexual Assault Reform Act (see Executive Law § 259-c [14]) is approved (see People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 36 NY3d 251, 260-261 [2020]; People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d 187, 202-206 [2020]). This Court has further addressed a challenge to the specific situation petitioner purportedly found himself in, namely, where DOCCS "assigned, but never actually transferred" someone to an RTF because his or her individual needs could not be accommodated there (People ex rel. Green v Superintendent of Sullivan Corr. Facility, 137 AD3d 56, 59 [2016]). In so doing, we left no doubt that such a unilateral determination by DOCCS was improper and that, "when a risk level three sex offender reaches his or [*4]her maximum expiration date, DOCCS must release the individual to either an approved residence or to an RTF," absent an alternate legal basis for not doing so (id. [emphasis added]). Whether DOCCS possessed an alternate basis for not releasing Gorostiza was not developed because County Court dismissed the petition without a hearing.
In short, petitioner's arguments are not novel, the exception to the mootness doctrine does not apply, and it is not appropriate to take this occasion to, as my colleagues put it, "reiterate" our prior holdings. Instead, as we have previously done under such circumstances, the proper course is to dismiss the appeal as moot (see Matter of Marcus TT. [Markus TT.], 188 AD3d 1461, 1463 [2020]; Matter of Schulz v State of New York, 200 AD2d 936, 937 [1994], appeal dismissed 83 NY2d 905 [1994]; Matter of Schulz v State of New York, 175 AD2d 356, 357 [1991], lv denied 78 NY2d 862 [1991]).
ORDERED that the judgment is reversed, on the law, with costs, proceeding converted to an action for declaratory judgment and it is declared that (1) where an incarcerated individual's sentence has expired and his or her release is subject to the mandatory condition set forth in Executive Law § 259-c (14), that individual must be released to either suitable housing or an appropriate residential treatment facility pursuant to Penal Law § 70.45 (3) and Correction Law § 73 (10), and (2) the services provided to Guillemo Gorostiza at Shawangunk Correctional Facility following his maximum expiration date did not render it an appropriate residential treatment facility.