People ex rel. Soto v Board of Parole (2022 NY Slip Op 06305)

People ex rel. Soto v Board of Parole

2022 NY Slip Op 06305

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

534124
[*1]The People of the State of New York ex rel. Anselmo Soto Jr., Appellant,
v
Board of Parole et al., Respondents.

Calendar Date:October 19, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Anselmo Soto Jr., Utica, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondents.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Michael R. Cuevas, J.), entered September 7, 2021 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, after a hearing.
In 2020, petitioner, who was on parole release, was arrested for alleged threatening behavior and received an appearance ticket. Petitioner was nevertheless detained in police custody pending the approval of a parole violation warrant. A parole violation warrant was subsequently issued and, following an ensuing parole violation hearing, petitioner was found to have violated his parole and was ordered held until the maximum expiration of his sentence — which decision was affirmed upon administrative appeal. Thereafter, petitioner commenced this CPLR article 70 proceeding, alleging that his temporary detention prior to obtaining a parole violation warrant was illegal, and sought immediate release as well as dismissal of the subsequent parole revocation proceeding. Following a hearing, Supreme Court, among other things, denied the application, finding that, although the temporary warrantless detention of petitioner during the few hours in which a parole violation warrant was obtained was unauthorized, the statutory violation did not warrant immediate release or dismissal of the parole revocation proceeding. Petitioner appeals.
The Attorney General has advised this Court that petitioner has been released from custody, having reached the maximum expiration date of his sentence. As such, habeas corpus relief is no longer available. Further, we are unpersuaded by petitioner's contention that the exception to the mootness doctrine applies (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Accordingly, the appeal must be dismissed as moot (People ex rel. Kent v New York State Div. of Parole, 87 AD3d 1205, 1206 [3d Dept 2011]).
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.