People ex rel. Newman v New York State Dept. of Corr. & Community Supervision (2024 NY Slip Op 04104)

People ex rel. Newman v New York State Dept. of Corr. & Community Supervision

2024 NY Slip Op 04104

Decided on August 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 1, 2024

CV-23-1296
[*1]The People of the State of New York ex rel. John Newman, Appellant,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date:June 14, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

John Newman, Binghamton, appellant pro se.
Letitia James, Attorney General, Albany (Alexandria Twinem of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Oliver N. Blaise III, J.), entered June 26, 2023 in Broome County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.
Insofar as is relevant here, petitioner, who stands convicted of rape in the third degree, criminal sexual act in the third degree and sexual abuse in the first degree and is a risk level three sex offender, was released to parole supervision in October 2020 subject to various terms and conditions. Following a search of petitioner's residence in August 2021, petitioner was charged with violating numerous conditions of his release. At the conclusion of the ensuing hearings, an Administrative Law Judge revoked petitioner's parole and ordered that he be held until his maximum expiration date. That determination was upheld upon administrative review. Petitioner thereafter commenced this proceeding pursuant to CPLR article 70 seeking a writ of habeas corpus and contending, among other things, that his parole revocation hearing was untimely and that there was insufficient evidence to support the sustained violations. Following a hearing in June 2023, Supreme Court dismissed petitioner's application, prompting this appeal.
The Attorney General has advised this Court that petitioner reached the maximum expiration date of his postrelease supervision on January 17, 2024, and a review of respondent's records confirms that petitioner has been discharged from custody. As petitioner is no longer in custody, habeas corpus relief is not available (see People ex rel. Soto v Board of Parole, 210 AD3d 1223, 1224 [3d Dept 2022]; People ex rel. McAdoo v Taylor, 31 AD3d 847, 848 [3d Dept 2006]). Further, the exception to the mootness doctrine does not apply here (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; compare People ex rel. Jones v Collado, 207 AD3d 1005, 1006 [3d Dept 2022]). Accordingly, the appeal is dismissed as moot.
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.