People ex rel. Nelson v Superintendent of Shawangunk Corr. Facility (2025 NY Slip Op 00707)

People ex rel. Nelson v Superintendent of Shawangunk Corr. Facility

2025 NY Slip Op 00707

Decided on February 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 6, 2025

CV-24-0059
[*1]The People of the State of New York ex rel. Anders Nelson, on Behalf of Naflan Doole, Appellant,
v
Superintendent of Shawangunk Correctional Facility et al., Respondents.

Calendar Date:January 15, 2025

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

Appellate Advocates, New York City (Anders Nelson of counsel), for appellant.
Letitia James, Attorney General, Buffalo (Sarah L. Rosenbluth of counsel), for respondents.

Aarons, J.
Appeal from a judgment of the Supreme Court (James Gilpatric, J.), entered December 15, 2023 in Ulster County, which, in a proceeding pursuant to CPLR article 70, granted respondents' motion to dismiss the petition.
In May 2021, Naflan Doole, a Sri Lankan national, was convicted of criminal sexual act in the third degree, attempted rape in the third degree and forcible touching and was sentenced to a prison term of 2½ years, to be followed by five years of postrelease supervision, upon his conviction of criminal sexual act in the third degree and to lesser, concurrent periods of incarceration upon the remaining convictions. Doole's conditional release date was determined to be June 23, 2023. On July 18, 2023, petitioner, on behalf of Doole, moved by order to show cause seeking, among other things, a writ of habeas corpus, contending that Doole had satisfied all of his conditions for release, including his adjudication as a risk level one sex offender, and was being held beyond his release date pursuant to a detainer issued by US Immigration and Customs Enforcement (hereinafter ICE) to facilitate his removal from the United States. Supreme Court signed the order to show cause but denied petitioner's request to temporarily enjoin Department of Corrections and Community Supervision (hereinafter DOCCS) personnel from communicating with ICE officials about Doole or otherwise facilitating his transfer into ICE custody.
Respondents then moved, pre-answer, to dismiss the petition, averring that Doole had been released to ICE officials on July 25, 2023 and, as he no longer was in DOCCS custody, the petition was moot. Supreme Court agreed and, over petitioner's opposition, granted respondents' motion to dismiss. This appeal by petitioner ensued.
We affirm. The case law makes clear — and indeed petitioner does not dispute — that, because Doole is no longer in DOCCS custody, habeas corpus relief does not lie and this proceeding, therefore, is moot (see e.g. People ex rel. Newman v New York State Dept of Corr. & Community Supervision, 230 AD3d 840, 840-841 [3d Dept 2024]; People ex rel. Jones v Collado, 207 AD3d 1005, 1006 [3d Dept 2022]; People ex rel. Wells v DeMarco, 168 AD3d 31, 37 [2d Dept 2018]). Further, we are not persuaded that Supreme Court abused its discretion in declining to invoke the exception to the mootness doctrine (see e.g. Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 42 NY3d 936, 937 [2024]; People ex rel. Welikson v Cronin, 202 AD3d 1437, 1438 [4th Dept 2022]). To invoke the mootness exception, there must be "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Assuming, without deciding, that the first two prongs have been [*2]met, the legality of retaining an incarcerated individual, who otherwise would be entitled to release, pursuant to an ICE detainer, is not a novel issue (see People ex rel. Welikson v Cronin, 202 AD3d at 1438; People ex rel. Wells v DeMarco, 168 AD3d at 34, 54). As the exception to the mootness doctrine does not apply, Supreme Court properly granted respondents' motion to dismiss the petition.
Egan Jr., J.P., Fisher, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.